UNITED STATES, Appellee

v

ALFRED MONTGOMERY, Jr., Private, U. S. Army, Appellant

20 USCMA 35, 42 CMR 227

No. 22,747

August 21, 1970

 

*Captain Robert A. Savill* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Captain Lee A. Rau,* and *Captain Bernard J. Casey.*

*Captain Merle F. Wilberding* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain William R. Steinmetz.*

## Opinion of the Court

DARDEN, Judge:

A change in the Manual for Courts-Martial, United States, 1969 (Revised edition), that became effective on August 1, 1969, permits personnel records that reflect the past conduct and performance of an accused to be considered during deliberations on an appropriate sentence. The Court's concerns in this case are with whether the regulation that permits such use was promulgated under a permissible delegation of power and, if so, whether the use of the records in this instance complies with the terms of the regulation.

A general court-martial found the appellant guilty on August 29, 1969, of willful disobedience of a superior commissioned officer, assault on a superior officer, assault on one in the execution

of military police duties, two specifications of assault on noncommissioned officers, and arson. As the record reaches us, his sentence stands as a dishonorable discharge, total forfeitures, and confinement at hard labor for two years.

During the sentencing part of the trial, the trial counsel offered, and the military judge received, records of nonjudicial punishment under Article 15, Uniform Code of Military Justice, 10 USC § 815, and the Enlisted Qualification Record of the appellant. A majority of the Court held in United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970), that consideration during sentencing of records of nonjudicial punishment was authorized under a valid exercise by the President of a congressional delegation of authority. The use of those records is accordingly not in issue here except for a determination of whether the appellant was harmed by the use of such records in the trial of offenses committed before the effective date of the change in regulations that permitted their use. In this case the Court's attention is concentrated largely on the use of the Enlisted Qualification Record (DA Form 20).

The Enlisted Qualification Record would not have been admissible if the appellant had been tried before August 1, 1969. Paragraph 75d of the Manual which became effective August 1, 1969, provides:

"Optional matter presented when court-martial constituted with military judge. Under regulations of the Secretary concerned the trial counsel may, prior to sentencing, obtain and present to the military judge any personnel records of the accused or copies or summaries thereof. Summaries of such records will be prepared and authenticated by the custodian thereof as provided in appendix 8g. Personnel records of the accused include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused. If the accused objects to the data as being inaccurate or incomplete in a specified material particular, or as containing certain specified objectionable matter, the military judge shall determine the matter. Objections not asserted will be regarded as waived. The accused may submit in rebuttal any matter which reflects on his past conduct and performance. In cases where members determine sentence, the military judge may admit for their consideration any information from these records which reflects the past conduct and performance of the accused."

The first target of appellate defense counsel is the legitimacy of the exercise of Presidential authority in making such a change, which was accomplished under Article 36, Uniform Code of Military Justice, 10 USC § 836. They assert that the President's exercise of his rule-making power in this instance is unreasonable and that it conflicts with other Manual provisions and recognized principles of military law. They argue that if the sentencing is by a military judge alone, paragraph 75d permits him to consider any fact that is entered on a personnel record, without regard to the materiality of the fact to sentence determination; if the sentencing is by members of the court, they, too, may consider such facts from a personnel record if the judge determines that they reflect "past conduct and performance."[1] Their contentions are that such consideration violates the rules of relevancy; that the Manual provision permits service regulations to determine the type of information to be considered on sentence; and that derogatory information may be entered on personnel records in such an abbreviated way that it could be misleading.

---

[1] Since in this case the appellant was tried by a military judge alone, we need not evaluate whether he admitted evidence from personnel records for consideration by members of the court that did not reflect "past conduct and performance."

The opinion in United States v Johnson, supra, refers to the wide variety of information available to a United States district judge before he determines an appropriate sentence. That opinion reflects our belief that when a sentencing agency is deciding on an appropriate sentence, information that bears on the past performance and conduct of an accused is relevant to an appropriate sentence.

The purpose of the new paragraph 75d is described as follows in the Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Revised edition):

". . . The purpose of this change is to broaden the information to be considered by the sentencing agency in a court-martial. It places upon the Military Judge the burden of determining the relevance of items presented to him and gives him broad discretion in determining relevance and in ruling on the objections to items presented. The procedure contemplated by this change is similar to that under Federal Rule of Criminal Procedure 32, dealing with presentencing reports, but it limits items which may be considered to items contained in official records and accordingly puts the accused on notice of what may be considered against him. The change brings a much needed improvement of sentencing procedure."

Before the Manual change an accused could introduce favorable material from his service record. The prosecution's use of unfavorable material from the same source does not make the information any less relevant. We reject the contention that the Manual change violates the rules of relevancy.

As to the contention that the Manual provision permits service regulations to determine the type of information to be considered on sentencing, we find that the contention has only a limited support. Although paragraph 75d does not define the categories of information from personnel records of the accused that are relevant to a determination of a proper sentence for him, the personnel records may be only those "made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused." It is clear that where members determine the sentence the military judge may admit for their consideration only the parts of records that reflect past conduct and performance. We find nothing in such a procedure that derogates from the rules of relevancy that have been enunciated by this Court or by the Manual itself.

If the information offered by the prosecution is possibly inaccurate or incomplete because of its abbreviation or for any other reason, the accused or his counsel may object to the introduction and the military judge is required to determine the objection. Paragraph 75d also expressly states the right of the accused to submit in rebuttal any information that reflects on his past conduct and performance. These provisions seem to us to anticipate concern that the records might be so abbreviated as to be misleading.

We are urged that even in those instances where the military judge is sentencing, paragraph 75d should be construed so narrowly as to require the trial counsel to obtain an extract of the Enlisted Qualification Record that includes only those items reflecting on *military* past conduct and performance. Nothing cited in support of such an urging convinces us that the regulation must be so limited.

If a Manual provision deals with a rule of evidence or a procedural question and does not conflict with the Constitution, other law, or other Manual provisions, it is effective. United States v Jenkins, 7 USCMA 261, 22 CMR 51 (1956); United States v Tobin, 17 USCMA 625, 38 CMR 423 (1968). For the reasons discussed earlier, we hold that the issuance of the part of paragraph 75d relating to use of records reflecting past conduct or performance was a proper exercise of

the President's powers under Article 36, Uniform Code of Military Justice.

We next reach the issue of whether the scope of the provision is impermissibly broad, vague, or ambiguous. Paragraph 75d limits the records that may be presented to a military judge to those "made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused." Two requirements are set: First, the record must be one maintained in accordance with departmental regulations and, second, the record may reflect the past conduct and performance of the accused.

In this case the specific exhibit that was presented to the military judge was the entire Enlisted Qualification Record (DA Form 20). This record contains several categories of information. Because the sentencing was performed by the military judge as a result of an election by the appellant, the military judge was not required to decide the information from the records that reflected the past conduct and performance of the appellant and that could be admitted for consideration by members of the court. Some information on DA Form 20, such as a religious preference, obviously does not reflect past performance or conduct. Since this information was available to the military judge who did pass sentence, did this prejudice the appellant? We believe not. A trial judge, as distinguished from a jury, must be presumed to have exercised the proper discretion in distinguishing between material and immaterial evidence introduced at the trial and to have based his decision only on the former, in the absence of a clear showing to the contrary by the appellant. United States v Menk, 406 F2d 124 (CA7th Cir) (1968). Although consideration by members of the court of irrelevant evidence might be more easily prejudicial, we are satisfied that the military judge was uninfluenced in establishing a sentence by an indication that the appellant was affiliated with a particular denomination.

Because "[i]n general, a record of previous convictions tends to increase the punishment," this Court decided in United States v Griffin, 19 USCMA 348, 350, 41 CMR 348 (1970), that a new rule on the admissibility of evidence of previous convictions extending beyond three years was inapplicable to the trial of offenses that occurred before the effective date of the new provisions. The Court reached a similar result in United States v Johnson, supra, on the admissibility of records of nonjudicial punishment. The Government argues that consideration of information from an Enlisted Qualification Record is not intended to increase the punishment but to inform the sentencing agency of the defendant's background. All the information favorable to an accused is already admissible upon his initiative, however. We are skeptical, therefore, of the Government's argument on this point. We think a more realistic position is that personnel records reflecting past performance or conduct are unlikely to be offered by the Government unless that past performance or conduct is uncomplimentary. In any event, however, the use of personnel records in the sentencing stage of the trials of offenses occurring before August 1, 1969, should be reviewed for possible effect on the sentence of the accused.

In the case before us we must review for possible prejudice the use of both (1) a record of nonjudicial punishment and (2) a personnel record showing civilian authorities had once held the appellant for payment of a fine for the offense of possession of alcoholic beverages by a minor. One of the nonjudicial punishments was for violation of a regulation and damaging a Government-owned footlocker. The other was for an attempted absence without leave. Properly admitted as an additional matter in aggravation was a record of Montgomery's previous special court-martial conviction for absence without leave, failure to go to his appointed place of duty, and use of disrespectful

language to a superior noncommissioned officer. Considering the nature of these offenses, the unsubstantial character of the erroneously admitted evidence, and the existence of appellant's prior record of court-martial convictions, we are confident that the improperly used evidence had an imperceptible effect upon the military judge's determination of a just and adequate sentence in this case. United States v Tipton, 19 USCMA 483, 42 CMR 85 (1970); United States v Young, 19 USCMA 481, 42 CMR 83 (1970); United States v Gauthier, 19 USCMA 482, 42 CMR 84 (1970). Accordingly, we affirm the decision of the Court of Military Review.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

The issue before this Court is whether the military judge erred to the prejudice of the accused by receiving in evidence, during the proceedings on sentence, Prosecution Exhibits 3, 4, and 5. While holding that the military judge erred in admitting these exhibits (United States v Johnson, 19 USCMA 464, 42 CMR 66 (1970)), my brothers have found no prejudice in this case. United States v Young, 19 USCMA 481, 42 CMR 83 (1970); United States v Guathier, 19 USCMA 482, 42 CMR 84 (1970); United States v Tipton, 19 USCMA 483, 42 CMR 85 (1970).

Evidence of prior nonjudicial punishment, as reflected in this case by Exhibits 3 and 4, was held to be admissible (paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition)) by a majority of this Court in United States v Johnson, supra, for cases tried *after* August 1, 1969,[1] only if the charged offenses were committed *after* that date. Where the charged offenses were committed *prior* to the effective date of the revised edition of the 1969 Manual, as here, evidence of prior Article 15 punishment is inadmissible for sentence purposes, although the error could at times be

[1] Trial of this accused was held on August 29, 1969.

found not to prejudice the accused. Compare United States v Young, United States v Gauthier, and United States v Tipton, all supra, with United States v Martin, 19 USCMA 486, 42 CMR 88 (1970); United States v Worrell, 19 USCMA 487, 42 CMR 89 (1970); and United States v Johnson, supra. I disagreed with the holding in *Johnson* that the Article 15 records were admissible, on the ground that paragraph 75d, Manual, supra, was opposed to the congressional intent manifested during the debate preceding the 1962 amendment to Article 15. Being inconsistent with the codal mandate, the Manual provision is without efficacy. United States v Villasenor, 6 USCMA 3, 19 CMR 129 (1955). Since that time, however, I have concurred in United States v Duron, 19 USCMA 563, 42 CMR 165 (1970), which was based on *Johnson* because that holding has become the law of this Court.

Prosecution Exhibit 5, the Enlisted Qualification Record (DA Form 20) of the accused, presents an even more complex problem. Like Exhibits 3 and 4, its admissibility, based on paragraph 75d of the Manual, initially depends on the date of the commission of the alleged offenses. For that reason alone it was inadmissible in this case. United States v Johnson, supra.

My brothers take the position that since an accused is afforded an opportunity in mitigation to present *favorable* information from his service record, the prosecution's use of *unfavorable* material from the same source does not make the information any less relevant; they reject the contention of appellate defense counsel that the new paragraph 75d of the Manual violates the rule of relevancy.

The question is academic insofar as this case is concerned for, as the majority also holds, Prosecution Exhibit 5 was inadmissible in evidence. The inclusion therein of a notation that the accused had been confined earlier that year for eight days in the city jail, El Paso, Texas, for possession of alcoholic beverages as a minor and was fined $105.00, could only have had, in

my opinion, a deleterious effect on the military judge's determination of a just and adequate sentence in this case. When coupled with the error regarding Prosecution Exhibits 3 and 4, the impact is obvious and prejudice is apparent.

Since my brothers have affirmed the validity of paragraph 75d,[2] insofar as it permits the Secretary concerned to promulgate regulations permitting trial counsel, prior to sentencing, to obtain and present to the military judge any personnel records of the accused or copies or summaries thereof, a few personal comments are in order.

Army Regulation 27–10, paragraph 2–20b(1), change 3, dated May 27, 1969, effective August 1, 1969, which was promulgated by the Secretary under the authority of paragraph 75d, Manual, supra, provides for the use, in the sentencing portion of the trial, of DA Form 20, Enlisted Qualification Record, of an accused. This form is four pages in length and contains 48 separate items, including one simply labeled "Remarks."[3] It was in this latter section that the civilian arrest record of this accused was inserted. The record also contains such diverse items as race, religion, aptitude test scores, education, and avocations, in addition to the expected items relating directly to one's military career. The entries are in many instances abbreviated and not understandable to the ordinary layman.

While I do not deny the Presidential authority to promulgate rules for practice and procedure before courts-martial (Article 36, Uniform Code of Military Justice, 10 USC § 836), I believe that the manner in which it was accomplished by the Secretary of the Army (AR 27–10, supra) exceeds the authority and intent of paragraph 75d. The Manual limits the personnel records introduced to those "which reflect the past conduct and performance of the accused," whether the hearing be before a court with members or one presided over by a military judge. It is patently obvious from the abbreviated recitation above, of some of the contents of DA Form 20, that much of the material therein is simply not relevant or material to the question to be decided—an appropriate sentence for the particular accused. Also, it is not unlikely that on occasion the "Remarks" section will reflect the commission of an offense more than six years prior to time of trial. In such an event, the admission of this evidence would be in contravention of paragraph 75b (2), Manual, supra. Placing the burden upon the accused to object to inadmissible data contained in the form is not only improper but unreasonable.

Paragraph 137, Manual, supra, provides in part:

---

[2] "d. Optional matter presented when court-martial constituted with military judge. Under regulations of the Secretary concerned the trial counsel may, prior to sentencing, obtain and present to the military judge any personnel records of the accused or copies or summaries thereof. Summaries of such records will be prepared and authenticated by the custodian thereof as provided in appendix 8g. Personnel records of the accused include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused. If the accused objects to the data as being inaccurate or incomplete in a specified material particular, or as containing certain specified objectionable matter, the military judge shall determine the matter. Objections not asserted will be regarded as waived. The accused may submit in rebuttal any matter which reflects on his past conduct and performance. In cases where members determine sentence, the military judge may admit for their consideration any information from these records which reflects the past conduct and performance of the accused."

[3] Defense counsel in their brief advised that the contents of DA Form 20 are governed by paragraph 9–14 to 9–61, Army Regulation 600–200, change 33, September 12, 1969, pages 9–6 to 9–33. The pertinent regulation devotes 27 pages to the description of the type of information which may be entered under the 48 items of that form.

"Evidence to be admissible (competent) must primarily be relevant. Evidence is not relevant, as that term is used in this manual, when the fact which it tends to prove is not part of any issue in the case. Also, evidence is not relevant when, though the fact intended to be proved thereby is part of an issue in the case, the evidence itself is too remote to have any appreciable probative value for that purpose."

DA Form 20 is an official record. But that does not automatically make the whole of the record admissible. As this Court stated in United States v Schaible, 11 USCMA 107, 110, 111, 28 CMR 331 (1960):

". . . True it is that we have held an official record is admissible in evidence when it is made in accordance with regulations by an officer charged with the duty of preparing the same. United States v Parlier, 1 USCMA 433, 4 CMR 25 [1952].

However, we have also held that merely because a document is official does not render everything recorded therein admissible. United States v Hall, 10 USCMA 136, 27 CMR 210 [1959]. Materiality, competency, and relevancy are essential before testimony should be placed before members of the court."

In my opinion, utilization of the *whole* of DA Form 20 in the sentencing portion of the trial, as directed by the Secretary of the Army, is beyond the scope of the authority provided for in paragraph 75d of the Manual, too unreasonable to be enforceable, and in derogation of the rules of relevancy.

Since I believe that the military judge prejudicially erred in admitting Prosecution Exhibits 3, 4, and 5 in evidence, I would reverse the decision of the United States Army Court of Military Review as to sentence and direct that a rehearing on sentence may be ordered.