UNITED STATES, Appellant

v

WILLIE B. HODGES, Private First Class, U. S. Army, Appellee

No. 27,125

November 23, 1973

*Captain M. Douglas Deitchler* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel Ronald M. Holdaway.*

*Major Franklin D. Arness* argued the cause for Appellee, Accused. With him on the brief was *Colonel Arnold I. Melnick.*

## OPINION OF THE COURT

DUNCAN, Judge:

Prior to trial and pursuant to Article 16, Uniform Code of Military Justice, 10 USC § 816, the appellee properly requested trial before a military judge without court members. At an Article 39(a) session, the military judge disclosed that he had been informed before the session by an enlisted man and by trial counsel that the case "would be delayed in beginning this morning" because the accused was attempting "to contact the convening authority" to "offer a pretrial agreement." Trial defense counsel stated that he viewed the judge's knowledge of the attempted plea bargain as indicative of substantial doubt that he could be fair and impartial in the conduct of the trial. The defense then challenged the judge for cause under the provisions of paragraph 62, Manual for Courts-Martial, United States, 1969 (Rev.). The military judge disclaimed any knowledge of the specific negotiations surrounding the appellee's efforts to consummate an agreement and stated that the knowledge of the attempted agreement would have no

effect upon his impartiality. The challenge for cause was denied. The military judge advised Hodges that he could be tried by a court consisting of members. Hodges acknowledged that he was aware of that option, and that he understood the difference between trial before members and trial before the judge alone. The appellee then answered that he wished to be tried by the judge.

The trial proceeded and Hodges was convicted of assault with intent to inflict grievous bodily harm. The Court of Military Review reversed the decision of the trial court. After certification by the Acting Judge Advocate General of the Army, we are obligated to decide whether the trial judge's action on the challenge for cause was prejudicial error. We conclude that the trial court should not have been reversed.

Paragraph 62*f* (13), MCM, provides that a challenge for cause should be granted upon a showing of "[a]ny other facts indicating that he should not sit as a member or military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality."

■ In United States v Walker, 473 F2d 136, 138–9 (DC 1972), the court stated:

The District Judge is presumed to have a trained and disciplined judicial intellect, which in a nonjury trial can receive evidence, rule on its admissibility, and discard from his eventual decision on the merits that evidence which he has ruled to be inadmissible for the purposes of his decision. . . .

.    .    .    .    .

The disciplined judicial mind should not be subjected to any unnecessary strain; even the most austere intellect has a subconscious.

Thirdly, we recognize that knowledge of an offered plea of guilty may come not from the prosecution but from the defense counsel, or possibly even another source; hence, we suggest no rule that the trial judge must recuse himself after having this notice thrust upon him. Such a rule would be too easily subject to abuse.

That court suggests, and we agree, that where a trial judge has received information that a plea of guilty has been offered, it would be better if he exercised his prerogative to recuse himself or to insist upon a jury trial. "The disciplined judicial mind should not be subjected to any unnecessary strain; even the most austere intellect has a subconscious." United States v Walker, supra at 138.

In United States v Jarvis, 22 USCMA 260, 46 CMR 260 (1973), the trial judge who alone tried Jarvis had presided over a closely related case in which the defense tactic was to blame Jarvis. Therefore, the military judge prior to trying Jarvis had knowledge of facts which strongly implicated Jarvis in the crime for which he was to be tried. Although the decision of the court was reversed for a combination of matters, we concluded:

Since the challenge by trial defense counsel in this case was for nothing more than the military judge's having presided over Levine's trial, we would ordinarily give effect to the judge's disclaimer of bias or prejudgment and hold the assigned error to be without merit. *Cf.* United States v Montgomery, 20 USCMA 35, 42 CMR 227 (1970).

22 USCMA at 262, 46 CMR at 262.

■ Moreover, in a situation where a military judge finds a plea of guilty to be improvident, generally there is no restriction on the military judge alone then trying the case. Obviously the *Jarvis* decision and the procedure permitted after a plea is deemed improvident are factually different from the case before us. However, both instances mirror the reliance placed upon the ability of a judge to dismiss from his consideration certain knowledge gained prior to trial and to judge the merits of the cause on the facts in evidence.

My position in the case at bar does not warrant a discussion of whether or not the appellee waived any error in the judge's ruling on the challenge for cause by agreeing to proceed to trial by military judge alone. If I were to decide that a challenge for cause should have been granted under paragraph 62, MCM, then

an issue would arise as to whether trial by a partial judge is so fundamentally unfair or such a miscarriage of justice that the waiver doctrine should not be applied. I reserve judgment on that question.

■ At best the trial judge's knowledge from the facts disclosed by trial counsel was no more extensive than to furnish a basis for the inference that Hodges was willing to enter a plea of guilty to some offense in order to bargain for some sort of sentence limitation. He also was aware of the fact that an agreement was not reached. The range of reasons for the failure to agree could be from an outright refusal of pretrial relief by the convening authority to a conclusion that a guilty plea may be improvident. We cannot reasonably hold that every unsuccessful overture to plea bargain made by an accused is to be viewed as an admission of guilt. For certain, knowledge of this nature in the mind of a member of the court raises a serious question regarding the ability of that person to be an impartial arbitrator of the facts. A trained jurist, however, knows the practice of plea bargaining and all the reasons for its existence as well as the infinite number of circumstances that may arise on the way to mutuality that can block arrival at an agreement. The possession of these philosophical credentials are sufficient to bar the appearance of impurity which troubled the Court of Military Review.

The certified question is answered in the negative. The case is remanded for further proceedings consistent herewith.

Judge QUINN concurs.

DARDEN, Chief Judge (concurring):

An accused is entitled to trial by military judge alone if "knowing the identity of the military judge and after consultation with defense counsel, [he] requests in writing a court composed only of a military judge and the military judge approves." Article 16(1)(B), Uniform Code of Military Justice, 10 U.S.C. § 816(1)(B). The accused cannot request trial by a particular judge for, as the statute indicates, he is entitled only to know the identity of the assigned judge before he elects between trial by judge alone and trial by a full court.

In this case, the accused and his counsel were not only aware of the military judge's identity but also knew that the judge possessed some conclusory information concerning the accused's unsuccessful attempt to negotiate a pretrial agreement with the convening authority. While I agree that this information did not require the military judge to recuse himself, I also believe that the accused's deliberate choice of trial by judge alone, made while fully aware of the military judge's possession of information concerning the case, was a knowing and informed waiver of his challenge. United States v Walker, 473 F2d 136 (DC Cir 1972). Had the accused proceeded with trial by a full court, he would not have waived the right to challenge the judge who presided at such a trial. See United States v Greene, 20 USCMA 232, 43 CMR 72 (1970). Yet, having challenged the military judge "for the record," the accused, after full explanation of his choices, personally proceeded to elect in writing trial before the same judge. Having made that deliberate choice, he should not now be heard to say that he did not wish the military judge to try the case, decide his guilt or innocence, and impose a sentence.

I concur in the reversal of the decision of the U. S. Army Court of Military Review.