**UNITED STATES, Appellee,**

v.

**Private First Class Steven M. BOLLING, SSN 227–15–0081, United States Army, Appellant.**

**SPCM 19314.**

U.S. Army Court of Military Review.

22 Aug. 1983.

Captain James A. McAtamney, JAGC, Captain Rita R. Carroll, JAGC, and Captain David J. Pels, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Andrew D. Stewart, JAGC, and Major Thomas J. Leclair, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Senior Judge:

The appellant was convicted, *inter alia,* of two specifications of unauthorized absence (Specifications 2 and 4, Charge I), and two specifications of breach of restriction (Specifications 4 and 5, Charge III), in violation of Articles 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 934 (1976). The unauthorized absence offenses were committed contemporaneously with the breach of restriction offenses.

This case is governed by *United States v. Doss,* 15 M.J. 409 (C.M.A.1983), and *United States v. Scavincky,* 15 M.J. 316 (C.M.A. 1983) (summary disposition). In *Doss,* the Court held that two brief, unauthorized absences and two contemporaneous breaches of restriction were multiplicious for findings and dismissed the former as being included in the latter.[1] In *Scavincky,* which also involved an unauthorized absence and a

breach of restriction, the Court dismissed the breach of restriction offense, apparently because of the protracted nature of the absence.

▮▮▮ Unlike Judge Foreman, we have no difficulty applying *Doss* and *Scavincky.* We can safely assume that the Court of Military Appeals is familiar with Article 59 of the Code, 10 U.S.C. § 859 and that they found prejudice in those cases.[2] There is authority for the proposition that it is unfair for an accused to stand convicted of the same offense twice, whether at the same or separate trials. *United States v. Huggins,* 12 M.J. 657, 660 (A.C.M.R.1981) (O'Donnell, J., concurring), *pet. granted,* 15 M.J. 378 (C.M.A.1983). This would include lesser included offenses as well as duplicative offenses. Accordingly, the military judge should have dismissed the lesser offense in this case and his failure to do so may be remedied on appellate review, notwithstanding the failure of the defense to object at trial. *Id.*[3]

The Government, it is apparent, does not like dismissing multiplicious charges. Indeed, it asserts in its brief that *Doss* is not even applicable in the instant case. Moreover, it contends that even if *Doss* is somehow applicable, the judge did not err in failing to follow it. Like it or not, *Doss* represents the law and in the words of the ancient maxim: "Sic biscuitus disintegrat."

The findings of guilty of Specifications 4 and 5 of Charge III are set aside and those charges are dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge WERNER concurs.

---

1. In arriving at its conclusion in *United States v. Doss,* the Court cited *United States v. Modesett,* 9 U.S.C.M.A. 152, 25 C.M.R. 414 (1958). Judge Foreman quite correctly notes that the Court in *Modesett,* after finding the charges to be multiplicious as one was included in the other, nevertheless took remedial action only with respect to the sentence. This need not deter us, since at that time the concept of multiplicity for findings had not yet evolved. The concept developed in such cases as *United States v. Drexler,* 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958), and *United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

2. *Cf. United States v. Montgomery,* 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970), where the Court held in essence that a trial judge is presumed to know the law and to have followed it.

3. The government contends that the appellant waived the error by failing to raise it in the rebuttal to the post-trial review, citing *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). *Goode,* it need hardly be pointed out, relieves the government of the consequences of errors committed in the post-trial review, not at trial.

FOREMAN, Judge, concurring in the result: *

I have great difficulty with the rationale of *United States v. Doss,* 15 M.J. 409 (C.M. A.1983). The Court of Military Appeals relies heavily on *United States v. Modesett,* 9 U.S.C.M.A. 152, 25 C.M.R. 414 (1958), citing it for the proposition that "the unauthorized absences were lesser included offenses of the breaches of restriction." *United States v. Doss,* 15 M.J. at 413–14 (footnote omitted). I do not believe that *Modesett* compels the *Doss* result. The issue before the Court in *Modesett* was "whether [the appellant] can be punished on the basis of both charges or only on the basis of one which carries the greater punishment." *United States v. Modesett,* 9 U.S.C.M.A. at 153, 25 C.M.R. at 415. Unlike *Doss,* the Court in *Modesett* did not set aside any findings of guilty, but merely returned the case for reconsideration of the sentence. 9 U.S.C.M.A. at 155, 25 C.M.R. at 417. Although *Doss* purports to rely on *Modesett,* it goes beyond it by overturning an otherwise valid conviction, even though there was no prejudice as to findings or sentence.

Apart from my concern about the misapplication of the *Modesett* holding in *Doss,* I also believe that *Doss,* and the plethora of cases like it, violate Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1976). The drafters of Article 59(a) of the Uniform Code of Military Justice of 1950, and the implementing language of paragraphs 87c and 100a of the Manual for Courts-Martial, United States, 1951, intended to adopt the federal "harmless error" rule, as defined in *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951* at 124 (1951). In *Kotteakos* the Supreme Court did not speculate about the future collateral consequences of the conviction, but instead focused on the effect of errors on the fairness of the trial. It is clear from the legislative history that when Congress adopted Article 59(a) in 1950, they

intended that the federal harmless error rule be given "full force and effect." *See* S.Rep. No. 486, 81st Cong., 2d Sess., *reprinted in* U.S.Code Cong. Ser. 2222, 2250–51. Both Article 59(a) of the Code and the implementing language of the Manual for Courts-Martial remained unchanged during the 1969 revisions. Unfortunately, in the area of multiplicity, we have fallen into the mire that Congress intended to avoid. By setting aside convictions for obscure technical errors which had no effect on the fairness of the trial, military appellate courts have become the " 'impregnable citadels of technicality' " which Congress intended to eliminate. *Kotteakos v. United States,* 328 U.S. at 759, 66 S.Ct. at 1245, *quoting* Kavanagh, *Improvement of Administration of Criminal Justice by Exercise of Judicial Power,* 11 A.B.A.J. 217, 222 (1925).

However, notwithstanding my misgivings, I recognize that *Doss* is controlling unless modified or overturned. Furthermore, it appears that the Court of Military Appeals will not apply waiver to cases involving duplicative charging even when the issue is not raised at trial. *See United States v. Tyler,* 15 M.J. 285 (C.M.A.1983) (summary disposition), *rev'g in part* 14 M.J. 811 (A.C.M.R.1982).

Accordingly, I concur in the result.

---

* Judge Foreman took final action in this case    prior to his reassignment from the Court.