UNITED STATES, Appellee,

v.

Johnny C. HEARD, Sergeant,
U.S. Army, Appellant.

No. 67,087.
CM 9002306.

U.S. Court of Military Appeals.

Argued May 5, 1992.

Decided Aug. 5, 1992.

For Appellant: *Captain Michael Huber* (argued); *Lieutenant Colonel James H. Weise* and *Captain Alan M. Boyd* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Captain Samuel J. Smith, Jr.* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Kenneth T. Grant* (on brief); *Major Joseph C. Swetnam.*

*Opinion of the Court*

CRAWFORD, Judge.

Appellant was convicted, pursuant to his pleas, by a military judge sitting as a general court-martial, of 3 specifications of assault consummated by a battery upon children—Jerry (8 years old), Jessica (6 years old), and Demitric (4 years old)—in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928. He was sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 18 months, while approving the remainder of the sentence. The Court of Military Review affirmed the approved findings and sentence in an unpublished opinion dated May 28, 1991.

We granted review to determine whether the military judge erred by admitting hearsay evidence during sentencing. We hold that admission of a statement of appellant's girlfriend to the victims' mother concerning the injuries to the girlfriend was harmless error.

In February 1990, the children's mother was scheduled to go to the field with her company in support of a previously scheduled training exercise. However, 2 days before she was scheduled to go to the field,

her regular babysitter told her that she would be unable to take care of the children. Appellant (who was not the childrens' father) learned of the mother's predicament and told her that he and his girlfriend, Maria, who is a stranger to the mother, would babysit the children. When the mother of the children returned from the field, she noticed injuries on the children and questioned the girlfriend about what happened. The record reveals the following response:

Q. Could you please [tell] me what Maria told you about what had happened to your own children?[*]

A. Maria told me that Demitric had a toothache and that that was why his jaw was swollen. And I asked her about the bruise on Lakita's leg, and she said that she had fell. And so I kept questioning her and kept questioning her, and I said, "The kids told me that"—or Demitric told me that Heard had punched him. *So after awhile she said that he had got upset and beat up the kids and beat her up.*

Q. Okay. Did you take the children to the hospital that day?

A. Around nine or ten that morning I called the MPs and they came and picked me up.

Q. Okay. And I guess Jessica was at school in the morning?

A. Right.

Q. Okay, and someone was sent to get her and brought her to the hospital?

A. Yes.

Q. Okay. Now, were you present during the examination of your children?

A. Yes, I was.

Q. Can you describe briefly what happened during those examinations?

A. The doctor just came in; had them take off all their clothes; looked at their bruises; took pictures of them. He ex-amined all of the area, even including their private areas and stuff.

Q. So he examined the private areas. Was that just the girls or the girls and the boys?

A. The girls and the boys.

(Emphasis added.)

The defense indicates that the four words "and beat her [Maria] up" are objectionable requiring corrective action by this Court. The maximum sentence to confinement for the offenses to which appellant pleaded guilty was 6 years. Unlike a statement concerning an uncharged rape or arson offense, which carries extensive confinement, this statement concerned an uncharged assault consummated by a battery on Maria, which would increase the confinement portion of the sentence only by 6 months if it had been charged. Para. 54e(2), Part IV, Manual for Courts–Martial, United States, 1984. In light of the sentence adjudged, the reduction by the convening authority, and the evidence of record noted below, we hold that the error was harmless. Between February 15 and March 30, 1990, appellant beat the 4–year-old boy numerous times on the back, buttocks, and legs with a belt. During this same period of time, he also beat the 8–year-old boy and the 6–year-old girl. The belts used by appellant had metal buckles on them, and the buckle end of the belt was used so forcefully that the impression of the belt buckle in its entirety appeared on the back of the girl. When the comment on the assault, which the judge presumptively disregarded as objectionable under Mil.R.Evid. 404(b), Manual, *supra, United States v. Montgomery,* 20 USCMA 35, 39, 43 CMR 227, 231 (1970), is compared with the severe forceful beating of the children with a belt leaving substantial bruise marks on the body of one of them, we conclude that the adjudged sentence was no greater than that which would have

---

* A hearsay objection was made to this question. We need not decide whether this statement was admissible under Mil.R.Evid. 801(c) and 802, Manual for Courts–Martial, United States, 1984, to establish the mother's state of mind and enable her to tell the doctor at the hospital the source and means of the injuries. *See also McCormick on Evidence* § 249 at 733–34 (E. Cleary 3d ed.1984). The defense did not move to strike the words, "and beat her up." We are satisfied that admission of this statement was not plain error. Mil.R.Evid. 103(d).

been imposed if the assumed error had not been committed. Art. 59(a), UCMJ, 10 USC § 859(a).

The decision of the United States Army Court of Military Review is affirmed.

Judges COX and GIERKE concur.

SULLIVAN, Chief Judge (concurring):

Appellant objected to Sergeant Hutchinson's testimony relating Maria Restre's out-of-court statements concerning appellant's beating of the Hutchinson children. Mil.R.Evid. 801(c) and 802, Manual for Courts–Martial, United States, 1984. The military judge summarily overruled that hearsay objection. Sergeant Hutchinson then testified as to Maria's statements concerning appellant's beating *of herself and* the children. Defense counsel did not further object to this testimony on uncharged-misconduct grounds. *See* Mil.R.Evid. 404(b).

I agree with the court below that the above-noted evidence on the beatings of the Hutchinson children was clearly harmless error. His pleas to these serious crimes and the stipulation of fact render cumulative Maria's out-of-court statements to the same effect. As for the testimony concerning Maria's statement on her own beating by appellant, I would find waiver of any uncharged misconduct objection. Mil. R.Evid. 103. In addition, I agree with the majority that the improper admission of this testimony on hearsay grounds did not substantially prejudice appellant. Any reliability problem in the context of this guilty-plea case is illusory. *See* RCM 1001(d), Manual, *supra; United States v. Wingart,* 27 MJ 128, 134 (CMA 1988).

Moreover, a single unexploited reference to such unspecific evidence, even if unreliable, could not possibly be substantially prejudicial in view of the particular facts of this case. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).

WISS, Judge (concurring):

Immediately before the colloquy quoted in the majority opinion, 35 MJ at 2, the following occurred during the mother's testimony to explain how she had found out that her children had been injured:

I went in to check on Lakita, and I was changing her diaper and I seen a bruise on her leg; and when I seen the bruise on her leg I went in and checked on my other children, and Demitric had a swollen jaw—or part of his face was swollen.

Q. And so what did you do?

A. I called Maria in the room and I asked her what had happened to my children,—why did they have these bruises on them. And she told me that—

DC: Your Honor, I'm going to object to this again as *it is all hearsay testimony of anything—of Maria of what this is—said to Sergeant Hutchinson.*

MJ: The objection is overruled.

(Emphasis added.)

I am willing to interpret appellant's objection set forth above as a hearsay objection to *all* that the mother then testified that Maria had told her—that is, as a hearsay objection to Maria's statements to the mother regarding *both* the childrens' beating and Maria's. Nonetheless, for the reasons articulated by the Chief Judge, I conclude that the erroneous overruling of the objection was harmless.

As the majority opinion makes clear, the testimony as to what Maria had said about her own beating was vulnerable to an objection, as well, as uncharged misconduct, *see* Mil.R.Evid. 404(b), Manual for Courts–Martial, United States, 1984. Inasmuch as no objection was made on this ground, however, I conclude that any appellate complaint on this basis was waived. *See* Mil. R.Evid. 103(a)(1). Moreover, I see no basis for finding plain error. Mil.R.Evid. 103(d).