**UNITED STATES, Appellee,**

v.

**Sergeant First Class James H. MALONE, 422–92–7265, United States Army, Appellant.**

**ACMR 9200501.**

U.S. Army Court of Military Review.

16 Dec. 1993.

---

708

For Appellant: Major Robin L. Hall, JAGC, Captain Thomas D. Wight, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Kenneth T. Grant, JAGC, Captain Louis E. Peraertz, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Senior Judge:

In accordance with his pleas, the appellant was convicted by a military judge sitting as a general court-martial of an unau-

thorized absence (AWOL) of fourteen days, wrongfully using cocaine, and eight specifications of fraudulently making and uttering worthless checks, in violation of Articles 86, 112a, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a, and 923a (1988) [hereinafter UCMJ]. On 4 March 1992, the military judge sentenced him to a bad-conduct discharge, confinement for one year, and reduction to Private E1. On 23 July 1992, the convening authority suspended the unexecuted confinement portion of the sentence for six months with provision for automatic remission.

▮ The appellant contends that the military judge erred during the sentencing hearing by allowing the trial counsel to ask the appellant's first sergeant about the appellant's rehabilitative potential without first requiring the prosecution to lay a proper foundation for his opinion.* In response to a question from the trial counsel as to why an administrative separation board was initiated against the appellant, the first sergeant replied, "[B]ecause he came down positive on the urinalysis test, and it is a given fact in the Army, if a senior NCO comes down positive on a urinalysis test it is pretty much he is through." As the trial defense counsel did not object to the trial counsel's inquiry, the appellant has been relegated to arguing that the judge's omissions constitute plain error and that, under the circumstances of this case, a sentence rehearing is warranted. We disagree with the appellant's assertions of error and decline to grant a rehearing.

Rule for Courts–Martial 1001(b)(5) provides in relevant part:

The trial counsel may present, by testimony or oral deposition ... evidence, in the form of opinions concerning the ac-

cused's previous performance as a servicemember and potential for rehabilitation. On cross-examination, inquiry is allowable into relevant and specific instances of conduct.

▮ To be admissible under this provision, a government witness' opinion about the accused's duty performance and rehabilitative potential must be "rationally based." *United States v. Antonitis*, 29 M.J. 217 (C.M.A.1989); *see United States v. Cherry*, 31 M.J. 1 (C.M.A.1990); *United States v. Ohrt*, 28 M.J. 301 (C.M.A.1989); *United States v. Horner*, 22 M.J. 294 (C.M.A.1986). Whether the opinion meets this "rational basis" test depends on whether the witness possesses sufficient knowledge about the accused's character, duty performance, moral fiber, and desire to be rehabilitated. Where the sole basis for the opinion is the "severity of the offense" of which the accused stands convicted, it fails the test. *Ohrt*, 28 M.J. at 304; *Cherry*, 31 M.J. at 5. Absent plain error, a failure to object to the admission of opinion evidence on grounds that the witness rendering the opinion did not have a rational basis for it waives the error. *United States v. Wilson*, 31 M.J. 91 (C.M.A.1990); Military Rule of Evidence 103.

▮ Improperly admitted evidence constitutes plain error when it is obvious, substantial, and unfairly affects the fairness, integrity, or public reputation of the proceedings. *United States v. Fisher*, 21 M.J. 327, 328 (C.M.A.1986); *United States v. Thompson*, 37 M.J. 1023 (A.C.M.R.1993). What constitutes plain error in the context of an R.C.M. 1001(b)(5) violation depends upon the circumstances surrounding the admission of the opinion evidence. The Court of Military Appeals has reasoned that a derogatory opinion about the accused's rehabilitative potential from the ac-

* In a similar vein, he also asserts that the judge erred by failing to bar the trial counsel from cross-examining defense mitigation and extenuation witnesses concerning their opinions of the appellant's rehabilitative potential. We have examined the questions posed by the trial counsel during cross-examination of the defense's mitigation and extenuation witnesses and find that they do not solicit opinions about the appellant's rehabilitative potential. After each witness testified on behalf of the appellant, the trial counsel asked the witness if he knew that the appellant had been convicted of using cocaine, writing worthless checks and going AWOL, and whether that was proper conduct for a noncommissioned officer. None of these questions were improper under Rule for Courts–Martial 1001(b)(5) [hereinafter R.C.M.].

cused's commanding officer implicates unlawful command influence since there is a likelihood that a court-martial panel will give greater credence and deference to the opinions of one in a leadership position. *Cherry,* 31 M.J. at 5; *Ohrt,* 28 M.J. at 305; *see generally,* Article 37, UCMJ, 10 U.S.C. § 837. The Court of Military Appeals has often proclaimed that allegations of error predicated on unlawful command influence may be examined on appeal and may be rectified even where there was no objection at trial. *See United States v. Kirk,* 31 M.J. 84, 89 (C.M.A.1990); *see generally United States v. Thomas,* 22 M.J. 388, 393 (C.M.A.1986). The court has found prejudice to the accused where the commander expressed his negative opinion overtly (e.g., "The accused deserves a punitive discharge.") or euphemistically (e.g., "The accused has no rehabilitative potential."). *Cherry,* 31 M.J. at 5.

 On the other side of the equation, military judges may delimit the adverse effect of a commander's opinion by giving appropriate curative instructions. *Id.* Moreover, where the evidence of record indicates that the commander's opinion did not substantially affect the sentencing authority's judgment, there is no plain error. *Cf. Cherry,* 31 M.J. at 6. We also think that such factors as whether the trial was by military judge alone and whether the witness had the capacity to unlawfully influence the proceedings should be weighed in determining whether the prejudice to the accused was sufficiently substantial to constitute plain error. Military judges, unlike courts-martial with members, are unlikely to be unlawfully influenced by a witness' command status. *See United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227, 1970 WL 7053 (1970). Furthermore, noncommissioned officers normally are incapable of exerting improper command influence over a sentencing authority.

With these considerations in mind, we hold that the military judge did not commit plain error by allowing the first sergeant to give his opinion about the appellant. Assuming, arguendo, that the first sergeant's response constitutes a euphemism that violates the principle stated in *United States v. Cherry;* and, assuming further that, though not a commanding officer, he was in a sufficiently influential leadership position to unlawfully influence a sentencing authority, there is no indication in the record that the opinion of the first sergeant unlawfully influenced the trial judge in determining the sentence. *Cf. United States v. Williams,* 37 M.J. 972 (A.C.M.R.1993).

We have considered the other errors raised by the appellant, including those matters submitted by him pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Judge LANE and Judge RUSSELL, concur.