# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Enrique (NMN) RAMOS
### Fireman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24360

### Docket No.  1272

### 30 April 2008

Special Court-Martial convened by Commander, Coast Guard Sector Detroit.  Tried at Detroit, Michigan, on 19 July 2006.

|  |  |
|---|---|
| Military Judge: | CDR Genelle T. Vachon, USCG |
| Trial Counsel: | LCDR Amy E. Kovac, USCG |
| Defense Counsel: | LT J. Lee Marsh, JAGC, USN |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG[1] |
|  | LT Robert M. Pirone, USCGR[2] |
| Assistant Appellate Defense Counsel: | LCDR Necia L. Chambliss, USCGR[3] |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, TUCHER & PEPPER
Appellate Military Judges

Per Curiam:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of dereliction of duty, in violation of Article 92, UCMJ; one specification each of wrongful use and wrongful distribution of marijuana, in violation of Article 112a, UCMJ; and one specification of unauthorized absence, in violation of Article 86, UCMJ.  The military judge sentenced Appellant to confinement for four months, reduction to E-1, forfeiture of $784 per

---

[1] LCDR Truax filed the assignment of errors and remained as lead appellate defense counsel until 13 August 2007, at which time she became assistant appellate defense counsel and remained as such until she departed on terminal leave.
[2] LT Pirone was designated as lead appellate defense counsel on 13 August 2007.
[3] LCDR Chambliss was designated as assistant appellate defense counsel on 13 August 2007.

month for four months, and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged.  The pretrial agreement had no effect on the adjudged sentence.

Before this Court, Appellant asserts that the military judge abused her discretion in permitting a witness to testify on sentencing that, compared to the other forty or fifty people the witness had supervised in the course his career, Appellant was "the lowest, probably one of the worst."  We disagree, and affirm.

Rule for Courts-Martial (R.C.M.) 1001(b)(5)(A), Manual for Courts-Martial, United States (2005 ed.), allows trial counsel to present by testimony "evidence in the form of opinions concerning the accused's previous performance as a servicemember and potential for rehabilitation."  Petty Officer Jeffrey Cummings, USCG, as the Government's first witness during the presentencing portion of the trial, testified to Appellant's previous performance as a servicemember.  After opining that Appellant's performance was "poor," with some elaboration (R. at 68), he testified that, compared to the other forty or fifty people he had supervised during his nineteen years in the Coast Guard, Appellant was "[t]he lowest, probably one of the worst" (R. at 69).  Appellant urges, as he did at trial, that this statement, comparing Appellant with others who had been under Petty Officer Cummings' supervision at one time or another, was "a subterfuge to say what [the Government is] not allowed to say as to whether or not the accused receives a punitive discharge."  (R. at 69; Appellant Br. 6.)

Petty Officer Cummings' testimony that Appellant's performance was "[t]he lowest, probably one of the worst" is certainly "evidence in the form of [an] opinion[] concerning the accused's previous performance as a servicemember," expressly allowed by R.C.M. 1001(b)(5)(A).  Comparing Appellant's performance to the performance of others Petty Officer Cummings had supervised merely provided a frame of reference for his opinion of Appellant's performance.  The plain meaning of Petty Officer Cummings' words lacks the meaning Appellant attributes to it.  We reject the notion that "the lowest" or "the worst" is code for "deserves a bad-conduct discharge" or even "I don't want him back in my unit."  We hold that this testimony did not violate R.C.M. 1001(b)(5) as interpreted by caselaw,[4] and was admissible into evidence.

---

[4] *United States v. Ohrt*, 28 M.J. 301 (C.M.A. 1989); *United States v. Aurich*, 31 M.J. 95 (C.M.A. 1990).

Even if this testimony should not have been admitted, we hold that there was no prejudice. The military judge in a judge-alone trial "must be presumed to have exercised the proper discretion in distinguishing between material and immaterial evidence introduced at trial and to have based his decision only on the former, in the absence of a clear showing to the contrary by the appellant." *United States v. Montgomery*, 20 USCMA 35, 39, 42 C.M.R. 227, 231 (1970). In *United States v. Aurich*, 31 M.J. 95 (C.M.A. 1990), which is cited by Appellant in his brief, appellant's company commander expressly stated that he did not want the appellant back in his unit. The court held that although the testimony should not have been admitted into evidence, the error was not prejudicial because it was a judge-alone trial. *Id.* at 98.

In this case, Petty Officer Cummings was testifying as to Appellant's previous performance as a servicemember, as specifically permitted by R.C.M. 1001(b)(5); an objection to later testimony that he "wasn't cut out to be in the military" was sustained by the military judge. (R. at 69.) Clearly the military judge was sensitive to the fact that opinions on the subject of whether Appellant should be discharged are not allowed. We are confident that the military judge did not consider the testimony as urging a punitive discharge.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

For the Court,



Jane R. Lee
Clerk of the Court