442

UNITED STATES, Appellee,

v.

George J. SULLIVAN, Staff Sergeant,
U.S. Air Force, Appellant.

No. 57,588.
ACM 25543.

U.S. Court of Military Appeals.

Sept. 26, 1988.

For Appellant: *Colonel Leo L. Sergi* and *Major Harry L. Heintzelman, IV.*

For Appellee: *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni,* and *Captain Jeffrey H. Curtis.*

*Opinion of the Court*

COX, Judge:

On his pleas, appellant was convicted by Judge Donald E. Weir, sitting as a general court-martial, of one specification each of wrongful distribution of the medication dilaudid, larceny of dilaudid, and two specifications of forging prescriptions for dilaudid, in violation of Articles 112a, 121, and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921, and 923, respectively.[1] This appeal relates only to the propriety of the sentencing phase of the trial, and we agreed to consider:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN DENYING A DEFENSE MOTION FOR A CONTINUANCE TO FURTHER RESEARCH THE ISSUE OF UNLAWFUL COMMAND INFLUENCE.

Appellant was one of four airmen assigned to the hospital at Homestead Air Force Base, Florida, who were undergoing prosecution for drug offenses. While these four cases were under investigation, the hospital first sergeant conducted a noncommissioned officers' call at which he discussed testimony and statements made on behalf of accused drug offenders. Reportedly, the first sergeant indicated that anyone who testified that a drug offender was amenable to rehabilitation might anticipate adverse career impact. The implication was that derogatory comments regarding judgment could readily be inserted into such witness' efficiency reports and, further, that such testimony was contrary to Air Force policy.

---

1. Appellant was sentenced to confinement for 24 months, forfeiture of $300.00 pay per month for 24 months, reduction to E–1, and a bad-conduct discharge. This was less than the limit established in the pretrial agreement. The convening authority approved the sentence as adjudged, and the Court of Military Review affirmed in a short-form opinion.

Nine days later, at a commanders' call, the hospital administrator addressed an assemblage of officers on "the subject of integrity." Among other things, he, too, criticized those testifying on behalf of accused drug offenders, and he offered the opinion that such support contravened Air Force policy. The hospital commander attended this meeting and, presumably, approved the remarks.[2]

Appellant was the last of the quartet to be tried. During the three preceding trials, the facts surrounding the alleged improprieties were thoroughly developed by counsel, Judge Weir, and Judge J. Jeremiah Mahoney. As a result, the appearance of unlawful command influence was found.[3] The judges then—with command cooperation—took immediate steps to rid the trials of taint. As a result:

(1) Additional commander's calls were held, and all hospital personnel were informed that, if requested as defense witnesses, their testimony was a duty. These remarks were tape recorded and reduced to writing, and a copy is appended to this record of trial. The wing commander conveyed a similar message to base personnel.

(2) The Government was issued a blanket order to produce all witnesses requested by the defense. Each such witness was advised of his duty to testify truthfully and assured that no adverse consequences would ensue.

(3) The hospital first sergeant was transferred from the unit to eliminate his access to the rating process.[4]

(4) Liberal continuances were granted to insure that these actions were carried out and to allow the cleansing process to work.

Only after the judges were totally satisfied that the presumption of prejudice had been rebutted did the previous trials proceed.

Charges in appellant's case were preferred on April 17, 1986. On June 10, the judge granted a defense request for delay in the case until July 15. Copies of records of earlier trials were provided the defense, upon request, as they became available. The last requested transcript was received on July 11.

When the trial opened on July 15, 1986, Judge Weir was presented with another request for continuance—the subject of the granted issue. The stated reason for the request was to allow the defense to review the transcripts "at a more leisurely pace" and "to go through this and talk and see about the availability of certain of these witnesses." The judge observed that the case had been pending for some time and that he had already granted one lengthy continuance. He also noted that the question of unlawful command control had been in litigation and the evidence available since early April. Therefore, he denied the continuance, but offered to recess for 24 hours. This offer was declined, and the defense team proceeded immediately to litigate its motion. Two witnesses were called besides appellant, and other evidence was presented. The military judge then recessed the court until the following morning. When he recalled the court to order, no further evidence was offered.

"[T]he decision ... whether" to grant a continuance "rests within the sound discretion of the military judge and will not be overturned except for clear abuse of that discretion." *United States v. Menoken*, 14 M.J. 10, 11 (C.M.A.1982); *see* Art. 40, UCMJ, 10 U.S.C. § 840. Here, the command-influence episodes were well known to counsel, and the issues had been litigated in three prior trials. Of course, counsel may occasionally reap the benefit of others'

---

2. This occurred after counsel for another servicemember met with the hospital commander, personally explained the impropriety of the first sergeant's conduct, and *attempted* to provide the commander with a copy of the opinion in *United States v. Rodriguez*, 16 M.J. 740 (A.F.C.M.R. 1983), as authority; but, such effort was rebuffed.

3. The Government concedes that the conduct was improper and constituted at least the appearance of unlawful command control over the proceedings.

4. The hospital administrator had already been reassigned, though the reasons for the reassignment are not of record here.

efforts, but they have an affirmative duty to go forward and develop their own cases. Counsel here had more than enough time to prepare their case. Indeed, in addition to appellant, the defense called seven extenuation and mitigation witnesses. Moreover, despite the considerable informational windfall received, counsel made no representation that other evidence might become available if yet another continuance were granted. Under the circumstances, we hold that the military judge did not abuse his discretion in denying the request for an additional continuance.

Though we did not grant review of the related issue challenging whether the taint had been adequately overcome, we take this opportunity to commend these judges for their prompt, forceful, and effective action. "Command influence," as we have noted, "is the mortal enemy of military justice." *United States v. Thomas,* 22 M.J. 388, 393 (C.M.A.1986), *cert. denied,* 479 U.S. 1085, 107 S.Ct. 1289, 94 L.Ed.2d 196 (1987). *See also United States v. Hagen,* 25 M.J. 78, 87 (C.M.A.1987) (Sullivan, J., concurring), *cert. denied,* — U.S. —, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988). Fortunately, Judges Weir and Mahoney were alert to the necessity of intervening to insure fairness to the accused. We applaud their efforts, which protected not only the interests of the servicemembers before them, but also the integrity of the military justice system.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.