**UNITED STATES, Appellee,**

v.

**Gabriel F. SANCHEZ, Sergeant
U.S. Army, Appellant.**

No. 68,096.
CMR No. 9102038.

U.S. Court of Military Appeals.

Argued May 11, 1993.

Decided Sept. 10, 1993.

For Appellant: *Captain Michael E. Smith* (argued); *Colonel Malcolm H. Squires, Lieutenant Colonel James H. Weise, Major James M. Heaton* (on brief); *Colonel Robert B. Kirby.*

For Appellee: *Captain Jane F. Polcen* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*
CRAWFORD, Judge.

Appellant was convicted by a military judge sitting as a general court-martial of desertion with intent to avoid hazardous duty and missing movement by design, in violation of Articles 85 and 87, Uniform Code of Military Justice, 10 USC §§ 885 and 887, respectively. Appellant was sentenced to a dishonorable discharge, confinement for 4 years, total forfeitures, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority approved the adjudged sentence except for confinement exceeding 18 months; he also disapproved forfeiture of allowances.

We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY NOT RECUSING HIMSELF FROM THE DEFENSE MOTION FOR PRETRIAL CONFINEMENT CREDIT, WHICH WAS BASED ON THE JUDGE'S OWN ALLEGEDLY INCORRECT PRIOR RULING AS THE MAGISTRATE.

We hold that the military judge did not err by not recusing himself from acting on the defense motion for pretrial-confinement credit.

## FACTS

On January 25, 1991, appellant, who was stationed in Germany, was notified that he would be deploying to Saudi Arabia with his unit. Appellant left his unit so that he would not have to go to Saudi Arabia and eventually arrived in the United States. Several months later, on June 26, 1991, appellant turned himself in at the military police (MP) station at Fort Devens, Massachusetts. He was placed in a detention cell for one night and then was taken to a commercial airport, given a ticket, and flown unescorted to a commercial airport in Pennsylvania. He then took a taxi, again unescorted, to Fort Dix, New Jersey. On July 4, 1991, under military police escort,

appellant was flown to Germany and was ordered into pretrial confinement that same day. He remained in pretrial confinement until his trial on September 13, 1991.

Trial defense counsel moved for pretrial confinement credit of 171 days, contending:

(1) that the time spent in the pretrial confinement facility was "tantamount to confinement";

(2) that he should receive an additional 5 days' credit for the failure to conduct a commander's review in a timely manner;

(3) that he should receive an additional 8 days' credit for the failure to conduct a magistrate's hearing in a timely manner; and

(4) that he should receive 79 additional days' credit (2 for 1) for the entire period, as confinement was not required to insure his presence at trial or for any other proper reason, and he was "arguably" subjected to "pretrial punishment."

Trial counsel conceded that appellant should receive 72 days of pretrial-confinement credit. After hearing evidence and arguments on the motion, the military judge made findings of fact. The military judge agreed with appellant as to points 1, 2, and 3. He therefore ordered that appellant receive 92 days' credit towards his sentence. He did not, however, award appellant the 2–for–1 credit sought for illegal pretrial confinement. Trial defense counsel had no questions or comments on the military judge's ruling.

## DISCUSSION

Appellant now asserts that he would not have been confined but for erroneous information presented to the magistrate. He points to the "pretrial confinement checklist" prepared by his commander, which states that he was apprehended to terminate his absence, and claims that the circumstances of his return to military control were not discussed at the magistrate's hearing. In fact, appellant asserts that the entire hearing took less than 10 minutes.

Appellant contends that, because the military judge conducted the pretrial magistrate's review of appellant's pretrial confinement, he should have recused himself from ruling on the defense motion for pretrial-confinement credit. We disagree.

RCM 902, Manual for Courts–Martial, United States, 1984, discusses general and specific grounds for determining whether a military judge may be disqualified. Additionally, RCM 902(d) states: "The military judge shall, upon motion of any party or sua sponte, decide whether the military judge is disqualified." The military judge's decision on recusal is subject to review for abuse of discretion. *United States v. Elzy*, 25 MJ 416 (CMA 1988).

These provisions apply to those cases where a judge has gained detailed knowledge of the factual basis for the offenses charged and has reached a conclusion regarding an accused's factual and legal guilt. *Compare, e.g., United States v. Bradley*, 7 MJ 332 (CMA 1979) (military judge who accepted accused's guilty pleas and entered findings of guilty should have recused himself or directed trial by members after accused withdrew his earlier guilty pleas), *with United States v. Winter*, 35 MJ 93 (CMA 1992) (military judge had option, but was not required, to impanel court-martial of members in murder prosecution after conducting providence inquiry and rejecting guilty plea to lesser-included offense of involuntary manslaughter).

Resolving whether, and to what extent, the RCM 902 provisions apply to cases such as this, where a military judge has gained only the limited knowledge necessary to resolve a pretrial issue, is another matter entirely. The Supreme Court addressed this question in *Withrow v. Larkin*, 421 U.S. 35, 56, 95 S.Ct. 1456, 1469, 43 L.Ed.2d 712 (1975). Justice White, writing for the Court, noted:

Judges repeatedly issue arrest warrants on the basis that there is probable cause to believe that a crime has been committed and that the person named in the warrant has committed it. Judges also preside at preliminary hearings where they must decide whether the evi-

dence is sufficient to hold a defendant for trial. Neither of these pretrial involvements has been thought to raise any constitutional barrier against the judge's presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt or innocence.

Likewise, in *United States v. Cansdale*, 7 MJ 143 (CMA 1979), this Court surveyed both federal and state case law and concluded that "many cases approve the concept that a trial judge is not disqualified merely because he must rule upon the validity of a search conducted pursuant to a warrant issued by him." 7 MJ at 145, *cited with approval in Trussell v. State*, 67 Md.App. 23, 506 A.2d 255, 257 (1986).

Our reading of this Court's precedents, along with the Supreme Court guidance and federal and state cases, leads us to conclude that a military judge is not disqualified merely because of ruling upon an *ex parte* pretrial matter involving the necessity for pretrial confinement. Here, there is no evidence that the military judge forfeited his judicial mantle of impartiality that would necessitate a disqualification.

We further note that defense counsel conducted a brief *voir dire* of the military judge after this matter was disclosed by the judge and raised no challenge; then appellant expressed his desire to be tried by military judge alone and confirmed that, when he signed his written request for trial by judge alone, he knew that he would be tried by this military judge. Thus, we conclude that under the facts of this case, the military judge did not err by not recusing himself sua sponte from deciding appellant's motion for pretrial-confinement credit.

The decision of the United States Army Court of Military Review is affirmed.

Judges COX, GIERKE, and WISS concur.

SULLIVAN, Chief Judge (concurring):

Appellant predicates his argument for *sua sponte* recusal on dicta found in a per curiam opinion of this Court: *United States v. Wolzok*, 1 MJ 125, 127–28 (CMA 1975) ("[W]e wish to caution trial judges to avoid situations, such as occurred in this case, in which a trial ruling requires that a judge pass upon the effect of his own previous actions."). The majority opinion ignores this decision. I would note that such dicta, albeit prudent, did not create a hard and fast rule requiring reversal of appellant's case.