UNITED STATES, Appellee

v.

Lorenzo A. MARTINEZ, Airman
U.S. Air Force, Appellant.

No. 93–0247.
CMR No. 29748.

U.S. Court of Military Appeals.

Argued March 3, 1994.

Decided Aug. 17, 1994.

For Appellant: *Major George F. May* (argued); *Colonel Jay L. Cohen* (on brief); *Colonel Terry J. Woodhouse.*

For Appellee: *Major John H. Kongable* (argued); *Colonel Jeffery T. Infelise* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

On December 17, 1991, appellant was tried by general court-martial composed of a military judge sitting alone at Hurlburt Field, Florida. He pleaded guilty to using cocaine and five specifications of writing bad checks, in violation of Articles 112a and 123a, Uniform Code of Military Justice, 10 USC §§ 912a and 923a, respectively. He was sentenced to a bad-conduct discharge, confinement for 13 months, and reduction to E–1. On January 27, 1992, the convening authority approved the sentence as adjudged, and the Court of Military Review affirmed in an unpublished opinion dated September 4, 1992.

On July 7, 1993, this Court granted review on the following issue of law:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY CONDUCTING AN *EX PARTE* COMMUNICATION DURING HIS SENTENCING DELIBERATIONS AND DID THEREBY NULLIFY THE SENTENCE.

Adopting the dissent below of Chief Judge Dixon, we conclude that reversible error occurred in this case, requiring a rehearing on

sentence. *See United States v. Allen,* 33 MJ 209, 213 (CMA 1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992). *See also United States v. Sullivan,* 26 MJ 442 (CMA 1988).

The facts pertinent to the granted issue were found by the Court of Military Review as follows:

> After the trial judge closed the court to deliberate on sentencing, he called the bailiff into his chambers and asked if the bailiff was familiar with the military justice system. When the bailiff said he was not, the judge began to explain the role of the military judge in a court-martial. The bailiff then told the judge that the appellant had not been charged with all the misconduct attributed to him. At that point the military judge "immediately" told the bailiff to "stop talking." He told the bailiff something to the effect that any information the bailiff might give him could cause problems.

Unpub. op. at 1–2.

The court was closed for a total of 12 minutes. The military judge did not mention this matter to the parties when court was reopened. Appellant was then sentenced as noted above.

—   —   —

█ There is no dispute in this case that communication of extra-record sentencing information by the bailiff to the military judge was legal error.[1] *United States v. Carroll,* 20 USCMA 312, 43 CMR 152 (1971); *see also United States v. Adamiak,* 4 USCMA 412, 417, 15 CMR 412, 417 (CMA 1954); *Mattox v. United States,* 146 U.S. 140, 150, 13 S.Ct. 50, 53, 36 L.Ed. 917 (1892). An additional question raised in this case is whether the judge himself erred by failing to bring this third-person communication to the attention of the parties on the record and subject himself to voir dire concerning it. *See United States v. Allen,* 33 MJ at 213. *See gener-*

*ally United States v. Wilkerson,* 1 MJ 56, 57 n. 1 (CMA 1975). We agree with Chief Judge Dixon in his dissent that the failure of the judge to follow this procedure constituted legal error. *See generally Rushen v. Spain,* 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983).

█ Our military justice system not only must be fair but also must appear to be fair. *See generally United States v. Hagen,* 25 MJ 78, 86 (CMA 1987) (Sullivan, J., concurring), *cert. denied,* 484 U.S. 1060, 108 S.Ct. 1015, 98 L.Ed.2d 981 (1988). Chief Judge Dixon below noted his "concern that the undisclosed *ex parte* communication materially undermines the perception of fairness in this trial." He said, *inter alia:*

> I find the military judge's failure to disclose his *ex parte* communication with the bailiff to be error. An appellant has the right to know exactly what information a military judge possesses about his case, particularly when he elected to be tried by military judge alone. As a minimum, an accused's counsel should be allowed to voir dire the military judge concerning any adverse information the judge has received about the accused during a trial not obtained in open court. *United States v. Phillipson,* 30 MJ 1019 (AFCMR 1990). We do not know what relief, if any, appellant would have sought had the military judge revealed his untimely discourse with the bailiff about uncharged misconduct. However, by informing the parties and allowing voir dire on the issue, the military judge would have shown his desire to extricate himself from the unfortunate situation he himself created. At the very least, he may have been successful in removing any later doubts about whether he had disregarded the remarks and maintained his impartiality. *See United States v. Allen,* 33 MJ 209 (CMA 1991).

---

1. This Court recently commented on the great risk run by trial judges who insist on running training sessions during courts-martial in progress. *United States v. Copening,* 34 MJ 28 (CMA 1992); *cf.* J. Shaman, S. Lubet, J. Alfini, *Judicial Conduct and Ethics* § 6.06, at 157–59 (1990).

This case demonstrates the potential for prejudice inherent in such a practice. *See also United States v. O'Brien,* 972 F.2d 12, 14–15 (1st Cir. 1992) (unauthorized communications to juror presumed prejudicial).

The situation before us differs rather significantly from the circumstance which exists when a military judge, in open court, determines evidence of misconduct inadmissible and announces that it will be disregarded. In the latter circumstance, the extent of the military judge's knowledge is on the record and known to all parties. It is much more difficult to assess possible prejudice here where the full extent of the information concerning uncharged misconduct has not been aired before the parties. It is hard to imagine a more inappropriate time for information concerning uncharged misconduct to come to the attention of the military judge, in a judge alone trial, than when the court is closed for deliberation on sentence.

Unpub. op. at 3–4.

■ Of course, disclosure on the record is the recognized method for eliminating even the appearance of unfairness which might result from such unauthorized communications. *United States v. Allen,* 33 MJ at 213. *See generally* American Bar Association Model Code of Judicial Conduct § 3.B(7) (1990).[2] In the case at bar, had the military judge gone back into the courtroom and disclosed the *ex parte* conversation of the bailiff on the uncharged misconduct, both sides would have had a fair opportunity to explore its impact on the sentencing process. *See*

*generally United States v. Gagnon,* 470 U.S. 522, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985). As Justice Brandeis once said, "Sunshine is said to be the best of disinfectants." L. Brandeis, *Other People's Money* 92 (Frederick A. Stokes Co., N.Y. 1932), quoted in *Quote It II* 339 (E. Gerhart 1988). The military judge's failure to take such action deprives us of an adequate record to resolve appellant's claim on the basis of harmless error, and, therefore, his sentence must be set aside. *Id. See United States v. Smith,* 36 MJ 455, 457 (CMA 1993) (ordering a hearing under *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967)); *cf. United States v. Sullivan, supra; State v. Perkins,* 141 Ariz. 278, 686 P.2d 1248, 1257 (1984). In the interests of judicial economy, a rehearing on sentence is in order. See also RCM 902(a) and (d)(2), Manual for Courts–Martial, United States, 1984.

The decision of the United States Air Force Court of Military Review as to sentence is reversed. The sentence is set aside. The record of trial is returned to the Judge Advocate General of the Air Force. A rehearing on sentence may be ordered.

Judges GIERKE and WISS concur.

COX, Judge (concurring):

I doubt that the conversation with the bailiff had an adverse effect on the sentence.

---

2. This provision of the ABA Code states:

(7) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(a) Where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; *provided:*

(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and

(ii) *the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.*

(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives

notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond. (c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.

* * *

(e) A judge may initiate or consider any ex parte communications when expressly authorized by law to do so.

Commentary:

* * *

Certain ex parte communication is approved by Section 3B(7) to facilitate scheduling and other administrative purposes and to accommodate emergencies. In general, however, a judge must discourage ex parte communication and allow it only if all the criteria stated in Section 3B(7) are clearly met. *A judge must disclose to all parties all ex parte communications ... [received] regarding a proceeding pending or impending before the judge.*

(Emphasis added; footnotes omitted.)

However, I agree to a rehearing for the reasons stated by the Chief Judge.

CRAWFORD, Judge (concurring in the result):

In contrast to *ex parte* hearings on the record, F. Gilligan & F. Lederer, *Court–Martial Procedure* § 14–63.20 at 541 (1991 and 1993 Supp.) *ex parte* communications off the record are prohibited.

The Code of Judicial Conduct applicable to Air Force judges provides that, except as otherwise authorized by law, judges may "not initiate ... or consider *ex parte* communications, or consider other communications ... concerning a pending or impending proceeding." AF/JA Operating Instruction No. 4, Part One, Uniform Code of Judicial Conduct for Military Trial and Appellate Judges § 3.B.7 (Feb. 15, 1991).

By definition an *ex parte* communication not on the record is between less than all the parties, for example, a judge communicating with a convening authority, a staff judge advocate, or a bailiff concerning the proceeding. As this Court stated in *United States v. Allen*, 33 MJ 209, 213 (1991), *cert. denied*, — U.S. ——, 112 S.Ct. 1473, 117 L.Ed.2d 617 (1992), it was clearly inappropriate for the military judge to communicate with the staff judge advocate as to the expense of continuing an ongoing trial. The Court found the judge was not disqualified because he had disclosed the matter, had not initiated the conversation, had permitted voir dire on the subject matter, the conversation did not go to the findings or sentence in the case, and the judge was not a witness in the proceedings. In *United States v. Copening*, 34 MJ 28 (CMA 1992), the Court rejected the argument that charges should be dismissed to remove any taint because of the *ex parte* meeting between the judge and the prosecutor. "Absent manifest unfairness, however, charges are neither dismissed, nor reversal granted, for such error," citing the rule in the federal courts. *Id.* at 30. Likewise, in *United States v. Sanchez*, 37 MJ 426 (CMA 1993), the Court held that a judge is not disqualified merely because of an *ex parte* pretrial ruling involving pretrial confinement.

While *Allen, Copening,* and *Sanchez* all involve *ex parte* matters, a case that might be equally applicable is *United States v. Montgomery*, 20 USCMA 35, 42 CMR 227 (1970). While *Montgomery* might be distinguished because the conversation in this case was not on the record, one could also draw parallels. The judge hears many types of inadmissible evidence, including confessions, instances of misconduct, prior convictions, and prior arrests. In those instances we presume the judge "to have exercised the proper discretion in distinguishing between material and immaterial evidence." 20 USCMA at 39, 42 CMR at 231. The majority in this case seems to be exercising its supervisory authority, thus distinguishing *Montgomery*. I agree that it is appropriate to signal to military judges that these communications must be placed on the record. If not, we will order appropriate action unless the record discloses appropriate action for ethical violations. RCM 109, Manual for Courts–Martial, United States, 1984.