UNITED STATES, Appellee

v.

Frazier PRICE, Senior Airman
U.S. Air Force, Appellant.

No. 93–1277.
CMR No. 29504.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 4, 1994.

Decided Feb. 28, 1995.

For Appellant: *Colonel Jay L. Cohen* (argued); *Captain J. Knight Champion, III* (on brief); *Captain Ursula P. Moul.*

For Appellee: *Major John H. Kongable* (argued); *Lieutenant Colonel Thomas E. Schlegel* (on brief); *Colonel Jeffery T. Infelise.*

*Opinion of the Court*

WISS, Judge:

1. At his general court-martial, appellant providently pleaded guilty to disobedience of a lawful order to tell sex partners prior to intercourse that he was HIV-positive, as well as adultery on divers occasions over a 10–month period, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 USC §§ 892 and 934, respectively. The members sentenced appellant to a bad-conduct discharge, confinement for 1 year, forfeiture of $300.00 pay per month for 6 months, and reduction to the grade of E–2. The convening authority approved these results, and the Court of Military Review[1] affirmed.

2. On appellant's petition, we granted review to consider whether the military judge abused his discretion by denying a defense motion for a continuance for further psychiatric testing of appellant.[2] Now we conclude that he did not.

I

3. In February 1990, appellant tested positive for HIV and was issued the usual order not to engage in unprotected sexual relations and to advise any potential sex partner of his condition. Notwithstanding, appellant had sexual intercourse on divers occasions with a woman not his wife between March 1 and December 31, 1990, without first advising her of his medical malady. The

1. *See* 41 MJ 213, 229 n. * (1994).

2. We also granted review of an issue (39 MJ 348) that, since, has been resolved against appellant.

*See United States v. McElroy,* 40 MJ 368 (CMA 1994), *cert. denied,* 115 S.Ct. 1256 (1995).

woman reported this activity to appellant's commander when appellant tried to end their relationship.

4. After being charged with this misconduct, appellant requested a sanity board on April 23, 1991, to inquire into his mental capacity and responsibility. *See* RCM 706, Manual for Courts–Martial, United States, 1984. That board convened on June 12, 1991, and concluded that appellant then was suffering from depression but that he did not have a severe mental disease or defect at the time of the alleged crimes and that he was competent to stand trial. CMR unpub. op. at 2.

5. Appellant's court-martial convened on July 5, 1991. After conducting a providence inquiry and accepting appellant's pleas, the military judge recessed the court-martial for the weekend. On Monday, July 8, defense counsel requested another sanity board for appellant, based on an alleged suicide attempt 2 weeks earlier and appellant's refusal to cooperate with counsel. The military judge granted the request. On July 18, this second board, too, found appellant competent to stand trial.

6. When the court-martial reconvened on July 23, appellant was represented by a newly-retained civilian defense counsel. At that session, this counsel asked for yet another delay, so that neurological and neuropsychological testing could be conducted on appellant. Counsel contended that appellant was unable to recall events relating to his alleged crimes and that he lacked the requisite capacity to testify. Final Brief at 3.

7. In further support of his request for a continuance, counsel pointed to an evaluation report on appellant dated June 19[3] by the Chief of Psychological Services at Lowry Air Force Base, Colorado. There, the doctor noted, "Cognitive and intellectual measures may be suggestive of a diffuse right hemispheric dysfunction which warrants further investigation." He reasoned: "Since the subject is known to possess a disease [HIV-positive] process which can effect [sic] cognitive functioning further investigation into the possibility of brain impairment should be conducted. Neurological and neuropsychological evaluation is recommended."

8. Ultimately, the military judge denied the request for a third continuance, rationalizing his ruling as follows:

First of all, it's my understanding and my belief that the accused does understand that he is the defendant in this case, in this court-martial, and he does understand the nature of the criminal offenses charged against him. And this finding is basely [sic] principally on my earlier questions of him during a prior session.

I also find that he's aware of the wrongfulness of his actions and the possible consequences of those actions, including this court-martial proceeding.

I also find that ... Airman Price is able to understand the nature of these court-martial proceedings or to conduct or cooperate intelligently in his own defense.

And for those reasons I'm going to deny the request for a continuance to conduct an additional medical evaluation.

## II

9. The question squarely before this Court is whether appellant established good cause for his request for a third continuance. We will not overturn the military judge's denial of that request except for a clear abuse of discretion. *United States v. Sullivan,* 26 MJ 442, 443 ¶ 8 (CMA 1988). In the context of the whole fabric of these proceedings, we do not find such an abuse.

10. On June 14 and July 18, 1991, two different sanity boards concluded independently that appellant possessed the requisite mental capacity to stand trial—that is, to understand the proceedings and to cooperate in his defense. In his report, the Chief of Psychological Services at Lowry Air Force Base did recommend further neurological and neuropsychological testing because appellant was afflicted with a progressive disease "which can effect [sic] cognitive functioning...." Even this doctor, however, opined: "He [appellant] is aware and under-

---

3. The military judge concluded that this date probably should be *July* 19.

stands the charges pending against him and in my opinion will be able to comprehend the pending proceedings and will be able to cooperate in his defense." He "considered" appellant "emotionally and intellectually competent to stand trial."

11. A question whether to grant a motion for continuance of proceedings is "within the discretion of the military judge" but, "upon a showing of reasonable cause," should be granted. *See* RCM 906(b)(1), Discussion. Given that no accused may be tried by court-martial if the accused is "mentally incompetent to the extent that he or she is unable to understand the nature of the proceedings against that person or to conduct or cooperate intelligently in the defense of the case," *see* RCM 909(a), it usually would seem eminently reasonable to request a continuance for purposes of assuring mental competence, especially in the face of circumstances that might cast doubt.

12. Here, however, appellant had been examined and reexamined by sanity boards, and the military judge expressly relied upon his own impressions from appellant's appearances in front of him. Indeed, even in the very document upon which the defense now relies for urging the appropriateness of further testing, the doctor authoring that report finds appellant competent to stand trial.

13. Under these circumstances, the military judge did not abuse his discretion in ruling that the defense had not demonstrated reasonable cause for yet a third continuance.

## III

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.