### UNITED STATES

v.

Jeffrey C. ZANDER, 419 66 9072, Captain (O-3), U.S. Marine Corps.

NMCM 95 01265.

U.S. Navy–Marine Corps
Court of Criminal Appeals.

Sentence Adjudged 16 Sept. 1994.

Decided 28 Feb. 1997.

LCDR Howard B. Goodman, JAGC, USN, Appellate Defense Counsel.

MAJ Stephen Finn, USMC, Appellate Government Counsel.

Before KEATING, McLAUGHLIN and OLIVER, JJ.

OLIVER, Judge:

A military judge, sitting as a general court-martial, tried the appellant on various dates in July, August, and September 1994. The court convicted him, pursuant to his pleas, of two specifications of making a false official statement, twenty specifications of conduct unbecoming an officer and gentleman, and two specifications of wearing unauthorized awards in violation of Articles 107, 133, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 907, 933, and 934 (1994) [hereinafter UCMJ], respectively. The court sentenced him to confinement for 7 years, forfeiture of all pay and allowances, and a dismissal. On 28 April 1995 the convening authority approved the sentence. However, pursuant to the terms of the pretrial agreement, the convening authority suspended confinement in excess of 120 days and forfeitures in excess of $750.00 pay per month for 4 months for a period of 12 months from the date of trial. The appellant has raised six assignments of error on appeal.[1] After care-

1. I. APPELLANT'S PLEAS OF GUILTY TO CHARGE II AND ITS TWENTY SPECIFICATIONS WERE IMPROVIDENT, AS THESE SPECIFICATIONS FAIL TO STATE AN OFFENSE.

II. CHARGE II AND ITS TWENTY SPECIFICATIONS SHOULD BE DISMISSED BECAUSE THEY ARE VOID–FOR–VAGUENESS.

III. PROSECUTION OF CHARGE II AND ITS 20 SPECIFICATIONS IS BARRED BY THE STATUTE OF LIMITATIONS.

IV. THE GOVERNMENT UNREASONABLY MULTIPLIED THE CHARGES AGAINST THE APPELLANT.

V. A SENTENCE INCLUDING A DISMISSAL IS INAPPROPRIATELY SEVERE IN THIS CASE.

VI. THE MILITARY JUDGE ABUSED HIS DISCRETION IN REFUSING TO RECUSE HIMSELF AFTER (1) HAVING READ SEVERAL UNPUBLISHED DECISIONS OF THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW SETTING ASIDE CONVICTIONS IN CASES IN WHICH APPELLANT ACTED AS TRIAL DEFENSE COUNSEL ON THE GROUNDS THAT APPELLANT WAS NOT QUALIFIED AND CERTIFIED UNDER ARTICLE 27(B), UCMJ; (2) READ A NEWSPAPER ARTICLE ABOUT APPELLANT'S CASE; AND

fully considering the record of trial and the briefs of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.

## Assignment of Error I

■ The appellant contends in his first assignment of error, as he did at trial, that Charge II and the 20 specifications thereunder failed to state an offense under Article 133, UCMJ, 10 U.S.C. § 933.

The military judge disagreed, contending that the gravamen of the offenses charged was the appellant's false representation, at each of these 20 courts-martial, that he was fully qualified to represent his clients as alleged. Record at 27–28. We agree with the military judge's analysis and reject the appellant's claim. We have no difficulty concluding that the specifications under Charge II stated an offense. Article 133, UCMJ, 10 U.S.C. § 933, contains only two elements: "(1) That the accused did or omitted to do certain acts; and (2) That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and gentleman." MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.), Part IV, ¶ 59b [hereinafter MCM].

The 20 specifications under Charge II allege that the appellant wrongfully and dishonorably represented to various courts-martial that he was fully qualified to serve as a defense counsel. Such dishonesty violates the standards expected of an officer and a gentleman. *See United States v. Czekala,* 38 M.J. 566, 574–75 (A.C.M.R.1993), *aff'd,* 42 M.J. 168 (1995); *see also United States v. Bilby,* 39 M.J. 467, 469–70 (C.M.A.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 724, 130 L.Ed.2d 629 (1995). During the providence inquiry, the appellant admitted that he purposefully represented to each court-martial that he was certified, knowing full well on each occasion that he had obtained the certification fraudulently. This was because he had represented to the Commandant of the Marine Corps that he was a member of the

California bar, when he knew that he was not. As a result, the appellant admitted at trial that these fraudulent representations and his failure to take steps to correct the misperception violated his "duty as a Marine Corps officer." Record at 133–34; *see also* Prosecution Exhibit 1 at 3 (Stipulation of Fact, stating: "Captain Zander's misrepresentations regarding his Article 27(b), UCMJ, qualifications as reflected in each specification under Charge II, were wrongful and dishonorable, and the making of such false representations amounted to conduct unbecoming an officer and a gentleman."). Therefore, this assignment of error is without merit.

## Assignment of Error II

■ The appellant next contends that this court should dismiss Charge II and its 20 specifications because they are fatally void-for-vagueness. In his brief he claims that somehow he "could not reasonably understand that [the UCMJ proscribed] his contemplated conduct." Brief and Assignments of Error on Behalf of Appellant at 12 (citing *Parker v. Levy,* 417 U.S. 733, 755, 94 S.Ct. 2547, 2561, 41 L.Ed.2d 439 (1974)). He alleges that "the Government invented the offense after appellant acted." *Id.* at 14. Once again, we agree with the military judge's ruling, and find no merit in the appellant's argument. Record at 27–29.

■ In 1974, the Supreme Court held that Article 133, UCMJ, is not itself void-for-vagueness. *Parker,* 417 U.S. at 752–57, 94 S.Ct. at 2559–62. A specification alleging a violation of Article 133, UCMJ, 10 U.S.C. § 933, is adequate for criminal prosecution if sufficient facts are pled which could reasonably be found to constitute conduct unbecoming an officer. *United States v. Norvell,* 26 M.J. 477, 480 (C.M.A.1988); *see United States v. Sell,* 3 C.M.A. 202, 11 C.M.R. 202, 206, 1953 WL 2005 (1953). In "determining the vagueness of a military disciplinary statute" under Article 133, 10 U.S.C. § 933, one must analyze the alleged misconduct "to determine whether it is disgraceful and com-

(3) HEARD ABOUT APPELLANT'S CASE BY WORD OF MOUTH PRIOR TO TRIAL. (Citations omitted.)

promising as contemplated by the statute." *United States v. Van Steenwyk,* 21 M.J. 795, 801–02 (N.M.C.M.R.1985). Criminal responsibility will attach where a reasonable man under the circumstances could reasonably understand that the statute proscribed that kind of conduct. *Id.* at 801. The question is whether the appellant had sufficient reason to know that his repeated dishonest statements during courts-martial proceedings, alleging that he was qualified to represent his clients, constituted a violation of the Uniform Code of Military Justice.

We have no doubt that this was true. Indeed, Captain Zander admitted it. During the providence inquiry he stated that his actions in this regard were "inherently wrong, sir. It's just plain morally wrong. It's beneath the conduct that's expected of a Marine Corps officer." Record at 135. Shortly thereafter, he told the military judge: "[C]ertainly, in each of the 20 court-martials [sic] I served as a defense counsel in, [I committed] conduct that's unbecoming an officer. It falls below the moral standard that is expected of an officer. It's dishonest and disreputable." Record at 136. Captain Zander knew that he was perpetrating a fraud on the U.S. Marine Corps and the courts-martial in which he represented his clients. Particularly since he was a law-school graduate, we conclude that the appellant had more than adequate notice to realize that his actions were criminal. Therefore, this assignment of error is without merit.

### Assignment of Error III

■ The appellant next contends that prosecution of the 20 specifications under Charge II are barred by the statute of limitations. He contends, as he did at trial, that the gravamen of the offense was the false representations he made prior to receiving his Article 27(b) certification on 14 October 1988. *See* Record at 16–27; Appellate Exhibit II. These offenses would be barred by the 5–year statute of limitations under the UCMJ. Art. 43(b)(1), UCMJ, 10 U.S.C. § 843(b)(1). Had the Government attempted to try the appellant for that crime, we have no doubt that the military judge would have dismissed it. However, the appellant was charged, and convicted pursuant to his pleas,

with crimes he committed between 6 June 1991 and 21 May 1993. The receipt of sworn charges by the summary courts-martial convening authority tolled the statute of limitations on 29 April 1994. Although grounded in the original falsehood, his actions on each of the dates alleged were independent violations of Article 133, UCMJ, 10 U.S.C. § 933. While the appellant's comparison of these crimes to acts of concealment done in furtherance of the primary criminal conspiracy is innovative, we are unpersuaded. *See Grunewald v. United States,* 353 U.S. 391, 397, 77 S.Ct. 963, 970, 1 L.Ed.2d 931 (1957). This assignment of error is without merit.

### Assignment of Error IV

■ After considering various multiplicity motions, the military judge ruled that all of these offenses could be separately punished. Record at 283–84. Citing the discussion following RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1995 ed.)[hereinafter R.C.M.], the appellant contends that the Government unreasonably multiplied the charges against the appellant under Charge II and Charge III. We disagree.

Under the applicable Rule, "offenses are not separate if each does not require proof of an element not required to prove the other." R.C.M. 1003(c)(1)(C). In *United States v. Teters,* 37 M.J. 370, 371 (C.M.A.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994), our superior court abandoned the "fairly embraced" test of *United States v. Baker,* 14 M.J. 361, 368 (C.M.A. 1983), and adopted the "elements test" of *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). The separate elements involved in each of the two charges which the appellant alleges are multiplicious occurred on distinct dates and periods of time. Once the military judge found them to be "separate offenses" under the *Teters* analysis, he properly considered them separate for all purposes, including sentencing. Record at 284; *see also United States v. Morrison,* 41 M.J. 482 (1995). While the Government could have combined all 20 instances of courts-martial during which the appellant falsely represented his

credentials and the entire period of time in which he wore medals to which he was not entitled into single specifications under the two charges, the specifications as drafted were separate offenses for findings and sentencing. Therefore, we conclude that the military judge acted consistent with the law when he denied the appellant's motion. This assignment of error is without merit.

## Assignment of Error V

 After a careful review of the record, including the nature of the charges and voluminous documents and extensive testimony supporting the argument that the appellant was an outstanding Marine officer, we find that the sentence, which included an unsuspended dismissal from the Marine Corps, is "appropriate." Art. 66(c), UCMJ, 10 U.S.C. § 866(c). We note that the appellant received great benefits from his pretrial agreement in the areas of confinement and forfeitures. We conclude that this assignment of error is without merit.

## Assignment of Error VI

 Finally, the appellant claims that the military judge abused his discretion by refusing to recuse himself after indicating during *voir dire* that he had heard and read previously of this case. This included reading one or more unpublished appellate opinions of this court which had set aside convictions after we concluded that the appellant was not qualified to serve as a defense counsel. He also admitted to having read a newspaper article concerning the case. R.C.M. 902 provides the rules for determining whether or not the military judge should be disqualified. The relevant test is whether the military judge "has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts con-

cerning the proceeding." R.C.M. 902(b)(1). The basis for disqualification must be personal, rather than judicial, in nature. *United States v. Lewis*, 6 M.J. 43, 44–45 (C.M.A. 1978). After the appellant had conducted *voir dire* and received completely candid answers, he challenged the military judge for cause, which was denied. Record at 97–98. Under R.C.M. 902(d), the military judge has discretion to decide whether he or she is disqualified. The military judge's decision on the issue of recusal is subject to review for abuse of discretion. *United States v. Sanchez*, 37 M.J. 426, 427 (C.M.A.1993). We have no question that the military judge ruled appropriately. Therefore, this final assignment of error is without merit.

Accordingly, we affirm the findings and the sentence, as approved on review below.

Senior Judge KEATING and Senior Judge McLAUGHLIN concur.