# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

## No. 201700031

_____

## UNITED STATES OF AMERICA
Appellee

v.

## WILLIAM A. GUTIERREZ, III
Seaman Recruit (E-1), U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Bethany L. Payton-O'Brien, JAGC, USN.
Convening Authority: Commanding Officer, Navy Region Southwest
Transient Personnel Unit, San Diego, CA.
Staff Judge Advocate's Recommendation: Lieutenant Junior Grade
Stacey E. Saxon, JAGC, USN.
For Appellant: Commander R. Don Evans, Jr., JAGC, USN.
For Appellee: Lieutenant Robert J. Miller, JAGC, USN; Lieutenant
Megan P. Marinos, JAGC, USN.

_____

Decided 31 July 2017

_____

Before MARKS, HUTCHISON, and JONES, *Appellate Military Judges*

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM:

At a special court-martial, a military judge convicted the appellant, pursuant to his pleas, of one specification of absence without leave, two specifications of failure to obey a lawful general order or regulation, and three specifications of wrongful use of a controlled substance, in violation of Articles 86, 92, and 112a, Uniform Code of Military Justice (UCMJ), 10

U.S.C. §§ 886, 892, and 912a. The military judge sentenced the appellant to 95 days' confinement and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged but, pursuant to the pretrial agreement, suspended all confinement in excess of time served—48 days.

The appellant raises two assignments of error (AOEs): (1) *ex parte* communications factored into the military judge's sentencing determination; and (2) the court-martial promulgating order did not accurately reflect the appellant's rank at the time of his court-martial. We find merit only in the second AOE, and order corrective action in our decretal paragraph. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

Between 24 and 25 August 2016, the appellant used heroin and marijuana. On 25 August 2016, he was caught attempting to defeat a random urinalysis by using a false bladder. After he was discovered using the device, he consented to a search of his barracks room where two syringes and a spoon used to inject drugs were found. When he was notified that same day that he would be placed in pretrial confinement, he commenced a period of unauthorized absence which was terminated by apprehension on 29 August 2016. While in an unauthorized absence status, he again used heroin.

Prior to trial, the military judge, trial counsel, and defense counsel met in a pretrial RULE FOR COURTS-MARTIAL (R.C.M.) 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) conference. Among other things discussed, the military judge wanted to know if the appellant had attended drug rehabilitation in the past and whether he was interested in attending in the future. She indicated a "continuance might be in order depending on when rehabilitation might be available[.]"[1] She encouraged the defense counsel to ascertain what the appellant's desires were and informed him that she would question the appellant at trial concerning those desires.

At trial, the military judge stated to the trial counsel, "you sent me back an email. Tell me about what is the next available slot if Seaman Gutierrez is deemed a candidate for rehabilitation?"[2] The trial counsel indicated that the next available bed at the drug rehabilitation center was 19 November 2016. The military judge then queried the defense counsel as to whether his client desired a continuance of the trial to attend rehabilitation and was told that the appellant wanted to finish the trial that day. When the military judge awarded her sentence, she recommended the CA suspend any confinement

---

[1] Record at 9.

[2] *Id*. at 53.

after 19 November 2016 so the appellant could participate in rehabilitation. The military judge subsequently learned the appellant had negotiated with the CA a time-served deal for confinement.

Additionally, the court-martial promulgating order incorrectly identifies the appellant as a Seaman at the time of trial when, in fact, he was a Seaman Recruit.

## II. DISCUSSION

### A. *Ex parte* communications

The appellant argues that the email referenced by the military judge during trial was an *ex parte* exchange between the military judge and trial counsel. However, it is clear from the military judge's choice of words—"you sent me *back* an e-mail"—that the military judge had followed up on a conversation from the R.C.M. 802 conference with an email asking for more specifics in preparation for the guilty plea.[3] During the colloquy between the military judge and the trial counsel in court, the defense counsel did not appear to be confused or express any concern whatsoever regarding this email. Rather, in all likelihood, the email traffic included both parties, as is standard practice. Certainly, the appellant has provided no evidence that his trial defense counsel was not a party to this e-mail to rebut the presumption that the military judge communicated properly with counsel.[4] Under these facts, we find it improbable the military judge conducted *ex parte* communications with the trial counsel via email.

Assuming *arguendo* there was an *ex parte* communication, we review *de novo* whether it resulted in material prejudice to the substantial rights of the accused. *See United States v. Copening*, 34 M.J. 28, 30 (C.M.A. 1992). "[E]x parte communications between counsel and a judge will not be condoned. . . . Absent manifest unfairness, however, charges are neither dismissed, nor reversal granted, for such error." *Id.* (citations omitted). Further, "disclosure on the record is the recognized method for eliminating even the appearance of unfairness which might result from such unauthorized communications." *United States v. Martinez*, 40 M.J. 82, 84 (C.M.A. 1994) (citing *United States v. Allen*, 33 M.J. 209, 213 (C.M.A. 1991)). This is because "[a]ny residual question as to the appearance of unfairness [is] eliminated once the military judge afford[s] the defense an opportunity to comment on the record." *United*

---

[3] *Id.* (emphasis added).

[4] The appellant's defense counsel on appeal states, "The undersigned has called Defense Service Office West to address this matter with Detailed Defense Counsel. As of this writing, the undersigned's efforts to communicate with Detailed Defense Counsel have been unsuccessful." Appellant's Brief of 3 Apr 2017 at 5 n.4.

*States v. Prescott*, No. 20020257, 2005 CCA LEXIS 505 at *8, unpublished op. (A. Ct. Crim. App. 2005) (citing *Martinez*, 40 M.J. at 84).

If there was an *ex parte* communication in this case we find it harmless. First, the defense counsel appeared aware of the factual information contained in the email—that a bed would not be available at a rehabilitation center until 19 November 2016. Second, upon the military judge's disclosure, the defense counsel had the opportunity to voir dire the military judge and seek her disqualification. *See United States v. Quintanilla*, 56 M.J. 37, 44 (C.A.A.F. 2001); *United States v. Turner*, 75 M.J 954, 960 (A.F. Ct. Crim. App. 2016), *rev. denied*, 76 M.J. 70 (C.A.A.F. 2017). The defense did neither. Third, as the appellant concedes, the military judge's motive was to assist him in his recovery from dependence on drugs, not to prejudice him. Fourth, the trial counsel gained no tactical advantage by the purported *ex parte* communication. Finally, the CA suspended all confinement in excess of time served. In sum, there was no "manifest unfairness" in the proceedings. *Copening,* 34 M.J. at 30.

**B. Scrivener's error**

We test error in court-martial orders under a harmless-error standard, *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998), and find this error did not materially prejudice the appellant's substantial rights. However, the appellant is entitled to accurate court-martial records. *Id.* Accordingly, we order the necessary corrective action in our decretal paragraph.

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed. The supplemental court-martial order shall reflect the proper rank of the appellant, which was Seaman Recruit (E-1).

For the Court



R. H. TROIDL
Clerk of Court