*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
MONAHAN, DEERWESTER, and BURGTORF
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Curtis D. JOHNSON**
Logistics Specialist Third Class (E-4), U.S. Navy
*Appellant*

**No. 202100262**

_____

Decided: 25 August 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Hayes C. Larsen

Sentence adjudged 14 June 2021 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of a military judge sitting alone. Sentence approved by the convening authority: confinement for 36 months, reduction to E-1, and a dishonorable discharge.

For Appellant:
*Lieutenant Commander Daniel O. Moore, JAGC, USN*

For Appellee:
*Lieutenant Ebenezer K. Gyasi, JAGC, USN*
*Major Kerry E. Friedewald, USMC*

Judge BURGTORF delivered the opinion of the Court, in which Chief Judge MONAHAN and Senior Judge DEERWESTER joined.

———————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————

BURGTORF, Judge:

Appellant was convicted, pursuant to his pleas, of aggravated arson and obstruction of justice, in violation of Articles 126 and 131b, Uniform Code of Military Justice [UCMJ].[1]

Appellant asserts in his sole assignment of error, pursuant to *United States v. Grostefon*,[2] that the military judge abused his discretion in denying a motion for recusal. We find no prejudicial error and affirm.

## I. BACKGROUND

The weekend prior to a command urinalysis, Appellant had wrongfully used a controlled substance. He knew that his drug use could initiate his separation from the Navy. To avoid this consequence, Appellant started a fire to destroy the evidence (his urine sample) in his command's urinalysis locker, located in the Fleet Readiness Center at Naval Air Station Oceana, Virginia.

Appellant waited until the evening, after most Sailors left the Fleet Readiness Center. The only Sailors remaining included the watch standers. He brought a small can of gasoline, a match, and paper, to set a fire in the urinalysis locker containing his urine sample. The fire caused significant damage to the walls and ceiling, and destroyed the urinalysis locker. The fire control system and first responders ultimately managed to subdue the flames.

Appellant was arraigned on charges of aggravated arson in October 2018. Two weeks before his scheduled court-martial, another arson occurred at the Fleet Readiness Center. This time, the perpetrator left a note purporting to exonerate Appellant by inculpating another in the earlier arson. Appellant then sought and received a continuance, to await the investigation of the second arson. After significant delay for this investigation, and postponement

———

[1] 10 U.S.C. §§ 926, 931b.

[2] *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

caused by the coronavirus pandemic, the military judge docketed Appellant's court-martial for February 2021.

The trial did not proceed as scheduled. A few weeks before it was set to begin, a video was sent to the Fleet Readiness Center Facebook account. In the video, a person dressed in a Navy uniform (not Appellant) confessed to both prior arsons. Based on this potentially exculpatory evidence, Appellant then requested and received another continuance.

Following an investigation and further delay, the Government charged Appellant with obstruction of justice, related to the false exculpatory video. Appellant later consented to the joinder of this charge. After initially entering pleas of not guilty and litigating numerous motions before the military judge, Appellant changed his pleas to guilty. Appellant entered into a pretrial agreement with the Convening Authority.

Subsequent to entering into a pretrial agreement, Appellant filed a motion for the military judge to recuse himself. Appellant argued there was an appearance of bias because the continuances, and joinder of an additional charge for misconduct during the trial, adversely affected the military judge and his docket. The military judge invited written pleadings, and, in the hearing on the motion, allowed Appellant to voir dire him. Through this questioning, the military judge explained that during sentencing he would consider only the evidence properly admitted, that he harbored no animus towards Appellant, and this would be no different from any other time when he had to compartmentalize information while presiding over courts-martial. The military judge also informed counsel that neither the scheduling complications for the case nor the length of the court-martial caused him any personal problems.

Following the military judge's denial of the recusal motion, Appellant pleaded guilty, and elected trial by military judge alone, after being advised that the same military judge that he requested recuse himself would be his sentencing authority. The parties agreed that Appellant's guilty plea did not waive the recusal motion on appeal.

Consistent with the pretrial agreement, the parties concealed the sentence limitation portion of the agreement from the military judge, where the parties agreed to a four-year cap on confinement without any protection against a punitive discharge. [3]

---

[3] Appellant's charges straddled the effective date of the Military Justice Act of 2016, which procedurally altered courts-martial guilty pleas. Prior to its effective date,

## II. DISCUSSION

We review a military judge's recusal decision for an abuse of discretion.[4] All accused enjoy a "constitutional right to an impartial judge"[5] and military judges are presumed impartial.[6] As it relates to an appearance of bias, raised by Appellant, Rule for Court-Martial [R.C.M.] 902(a) provides that a military judge "shall" disqualify himself if his "impartiality might reasonably be questioned." This is an objective test: "whether a reasonable person knowing all the circumstances would conclude that the military judge's impartiality might reasonably be questioned."[7]

The military judge did not abuse his discretion in denying Appellant's motion for recusal. The recusal denial occurred after offering the parties an opportunity for written pleadings and after a motion hearing, which included voir dire of the military judge. The ruling relied on correct application of case law and R.C.M. 902.[8] Appellant identifies no clearly erroneous factual findings. Although the parties agreed to the preservation of this issue for appeal, Appellant elected to plead guilty knowing the same military judge he challenged for recusal would be his sentencing authority. While we do not disturb the parties' agreement, we find that Appellant's election colors how a reasonable person would view the military judge's asserted partiality.

The military judge explained that he had no negative feelings toward Appellant and that he would filter out impermissible evidence. Judges are presumed to make decisions on admissible evidence and disregard that which is inadmissible.[9] Delaying a court-martial due to an accused's misconduct arising during the pendency of a proceeding is mere exposure to information, which,

---

a military judge did not learn the sentence protection aspect of the agreement between the convening authority and an accused until after announcing the adjudged sentence.

[4] *United States v. Uribe*, 80 M.J. 442, 446 (C.A.A.F. 2021).

[5] *United States v. Butcher*, 56 M.J. 87, 90 (C.A.A.F. 2001) (citations omitted).

[6] *United States v. Foster*, 64 M.J. 331, 333 (C.A.A.F. 2007).

[7] *United States v. Sullivan*, 47 M.J. 448, 453 (C.A.A.F. 2015).

[8] Rule for Courts-Martial, *Manual for Courts-Martial, United States* (2019 ed.).

[9] *United States v. Robbins*, 52 M.J. 455, 458 (C.A.A.F. 2000) (citation omitted).

without more, is not a basis for disqualification when a military judge disclaims bias.[10]

A *post hoc* view also demonstrates the absence of partiality by examining the awarded sentence. The military judge's sentence (three years and a dishonorable discharge), fell below the sentence cap Appellant negotiated with the Convening Authority (four years and no protection from a punitive discharge).

The military judge's proper application of precedent, Appellant's election for military judge sentencing, the military judge's disclaimer of any bias, the presumption that military judges disregard that which is inadmissible, and the sentence, all demonstrate that the military judge acted within his discretion when he denied Appellant's motion for recusal.[11] Accordingly, we find no abuse of discretion.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[12]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

S. TAYLOR JOHNSTON
Interim Clerk of Court

---

[10] *See United States v. Lewis*, 6 M.J. 43, 44-45 (C.M.A. 1978); *see also United States v. Zander*, 46 M.J. 558, 562 (N-M Ct. Crim App. 1997) ("The basis for disqualification must be personal, rather than judicial, in nature.").

[11] *See Uribe*, 80 M.J. at 446 (finding an abuse of discretion occurs when a ruling is "arbitrary, fanciful, clearly unreasonable or clearly erroneous").

[12] Articles 59 & 66, UCMJ.